**David ELY, Plaintiff,**

v.

**CRIMINAL DIVISION OF the DEPARTMENT OF JUSTICE, Defendant.**

**Civ. A. No. 83–1881.**

United States District Court,
District of Columbia.

March 28, 1984.

8. Cardoza voluntarily dismissed a prior action against the Board of Trade filed in 1982.

David Ely, pro se.

John H.E. Bayly, Jr., Asst. U.S. Atty., Washington, D.C., for defendant.

MEMORANDUM OPINION

JUNE L. GREEN, District Judge.

This action, brought under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, is before the Court on plaintiff's "motion under *Vaughn v. Rosen* to require detailed justification, itemization, and indexing;" defendant's opposition thereto; plaintiff's response to defendant's opposition; plaintiff's "request for discovery: production of documents and things for inspection and other purposes;" plaintiff's motion for an order allowing him to take "oral depositions via telephone;" defendant's motion for summary judgment; plaintiff's response thereto, and the entire record herein. Plaintiff David Ely is proceeding *pro se*.

For the reasons stated below, the Court denies plaintiff's "motion under *Vaughn v. Rosen* to require detailed justification, itemization, and indexing;" plaintiff's "request for discovery: production of documents and things for inspection and other purposes;" and plaintiff's motion for an order allowing him to take "oral depositions via telephone," and grants defendant's motion for summary judgment.

I. Findings of Fact

On June 30, 1983, plaintiff filed the instant action seeking documents pertaining to him from the Criminal Division of the Department of Justice ("Criminal Division"). Three Criminal Division records within the scope of plaintiff's request were located and released in full to plaintiff on September 1, 1983. *See* Exhibit 1 attached to Defendant's Motion for Summary Judgment. The Criminal Division also located one document that originated in the United States Marshal's Service ("Marshal's Service"). This document was referred to the Marshal's Service for review. Upon review, the Marshal's Service released this document, a one-page letter, in its entirety. *See* Exhibit 2 attached to Defendant's Motion for Summary Judgment.

The Criminal Division also located nine pages of documents that originated in the Internal Revenue Service ("IRS"). These

documents were referred to the IRS for review. Upon review, the IRS released portions of these documents to plaintiff. Portions of these documents also were withheld pursuant to 5 U.S.C. § 552(b)(3) in conjunction with 26 U.S.C. § 6103. Because the documents were not released in their entirety, the IRS submitted an affidavit detailing its justifications for the deletions. Affidavit of Karen L. Elias at ¶¶ 3–6 (executed Oct. 21, 1983), Exhibit 3 attached to Defendant's Motion for Summary Judgment ("Elias Affidavit"). Defendant also has provided the Court with redacted versions of the nine pages, as they were released to plaintiff. Exhibit 4 attached to Defendant's Motion for Summary Judgment.

## II. Conclusions of Law

Before addressing defendant's motion for summary judgment, the Court will address three motions filed by plaintiff: plaintiff's "motion under *Vaughn v. Rosen* to require detailed justification, itemization, and indexing;" and two discovery motions: plaintiff's "request for discovery: production of documents and things for inspection and other purposes," and plaintiff's motion for an order allowing him to take "oral depositions via telephone."

*Plaintiff's Motion for a Vaughn Index*

■ Plaintiff seeks to compel defendant Criminal Division to prepare a *Vaughn* index. *See Vaughn v. Rosen*, 484 F.2d 820 (D.C.Cir.1973), *cert. denied*, 415 U.S. 977, 94 S.Ct. 1564, 39 L.Ed.2d 873 (1974). The record indicates, however, that plaintiff has received all documents responsive to his request originating from the Criminal Division and the Marshal's Service. "Once the records are produced the substance of the controversy disappears and becomes moot since the disclosure which the suit seeks has already been made." *Crooker v. U.S. State Department*, 628 F.2d 9, 10 (D.C.Cir. 1980) *citing Ackerly v. Ley*, 420 F.2d 1336, 1340 (D.C.Cir.1969) (footnote omitted). Because no documents were withheld or deleted by the Criminal Division or the Marshal's Service, a *Vaughn* index with respect to these documents is not required.

■ The IRS, however, did delete portions of nine pages of documents referred to it by the Criminal Division. For this reason, the IRS has submitted an affidavit detailing its justifications for the deletions. *See* Elias Affidavit.

To determine whether this affidavit meets the requirements under *Vaughn v. Rosen*, the Court must take into account that:

> the underlying purpose of the *Vaughn* index is to permit the District Court to make a rational decision whether the withheld material must be produced without actually viewing the documents themselves, as well as to produce a record that will render the District Court's decision capable of meaningful review on appeal.

*Dellums v. Powell*, 642 F.2d 1351, 1360 (D.C.Cir.1980) (footnote omitted). The Elias Affidavit, read together with the redacted versions of the nine pages, enables the Court to make a rational decision whether the deleted portions of the nine pages must be produced without viewing the withheld portions. *See* discussion *infra* pp. 632–633. Accordingly, the Court denies plaintiff's "motion under *Vaughn v. Rosen* to require detailed justification, itemization, and indexing" with respect to the portions of the documents that were deleted by the IRS.

*Plaintiff's Discovery Motions*

Plaintiff also has filed two discovery motions. The first request seeks the following:

> any and all documents, records, written records, memorandan [sic], notes whether written, typed, printed, lithographed, recorded, transcribed, taped disced [sic], filmed or graphic matter however produced or reproduced, including originals or copies, if originals are not in existence or available, wherever located, that Defendant or any agent or employee or correspondent thereof has or had in their possession or had constructive possession of in connection with or in reference to the Plaintiff in any way.

Plaintiff's "Request for Discovery: Production of Documents and Things for Inspection and Other Purposes" at 1. Plaintiff's second motion seeks an order allowing him to take "oral depositions via telephone."

■ Although discovery may be permitted in FOIA cases, "to develop more fully the basis for nondisclosure or the lack of it," *Founding Church of Scientology v. NSA*, 610 F.2d 824, 833 (D.C.Cir.1979) (footnote omitted), the Court "has discretion to forgo [sic] discovery and award summary judgment on the basis of affidavits." *Goland v. CIA*, 607 F.2d 339, 352 (D.C.Cir.1978), *cert. denied*, 445 U.S. 927, 100 S.Ct. 1312, 63 L.Ed.2d 759 (1980) (footnote omitted). In the instant case, there is no need to develop more fully the IRS' basis for nondisclosure of portions of the nine pages of documents at issue because the Elias Affidavit describes in sufficient detail the basis for the withholdings. *See* discussion *infra* pp. 632–633.

Accordingly, the Court denies plaintiff's "request for discovery: production of documents and things for inspection and other purposes" and plaintiff's motion for an order allowing him to take "oral depositions via telephone."

*Defendant's Motion for Summary Judgment*

■ Defendant seeks a motion for summary judgment asserting that all responsive documents originating in the Criminal Division and Marshal's Service have been released in their entirety and that, with respect to the documents originating in the IRS, all segregable portions of the documents have been released. Defendant also asserts that the deletions made by the IRS, pursuant to the FOIA provisions, are proper. Plaintiff contends, however, that the Criminal Division "has not released all responsive documents to [him] and has not given [him] access to ... all portions of documents that [he is] allowed in accordance with the FOIA." Plaintiff's Affidavit in Support of Response to Motion for Summary Judgment.

The record indicates that plaintiff received all records pertaining to him that originated in the Criminal Division. Exhibit 1 attached to Defendant's Motion for Summary Judgment. Although the Criminal Division also informed plaintiff that it located court records pertaining to two cases in which plaintiff was a defendant, the Criminal Division indicated that these records were not "agency records" of the Criminal Division for the purposes of the FOIA. To obtain these records, plaintiff was instructed to write to the appropriate clerk of the court.

Plaintiff fails to provide the Court with any specific evidence that additional records may be found in the Criminal Division. The Court notes that "the issue [in FOIA cases] is *not* whether any further documents might conceivably exist but rather whether the government's search for responsive documents was adequate." *Perry v. Block*, 684 F.2d 121, 128 (D.C.Cir. 1982) (emphasis in original). In the instant case, the Court finds that the Criminal Division's search for documents pertaining to plaintiff was adequate.

As indicated earlier, "[o]nce the records are produced the substance of the controversy disappears and becomes moot since the disclosure which the suit seeks has already been made." *Crooker v. U.S. State Department*, 628 F.2d at 10 (case citation omitted). Because all responsive documents originating in the Criminal Division and Marshal's Service were released to plaintiff, a controversy no longer exists. Accordingly, the Court grants defendant's motion for summary judgment with respect to the documents originating in the Criminal Division and Marshal's Service.

■ The remaining documents at issue originated in the IRS. Portions of these documents were deleted, pursuant to FOIA Exemption 3, 5 U.S.C. § 552(b)(3), and 26 U.S.C. § 6103. *See* Elias Affidavit.

FOIA Exemption 3 authorizes the government to withhold records or portions of records that are:

(3) *specifically exempted from disclosure by statute* ... provided that such

statute (A) requires that the matters be withheld from the public in such a manner as to leave no discretion on the issue, or (B) establishes particular criteria for withholding or refers to particular types of matters to be withheld . . . .

5 U.S.C. § 552(b)(3) (emphasis added).

In this case, the IRS has withheld portions of nine pages pursuant to FOIA Exemption 3 and 26 U.S.C. § 6103. Title 26, United States Code, section 6103 states that, except in certain limited circumstances not applicable here, the government may not release a person's "return information." 26 U.S.C. § 6103(a). The term "return information" pertains to:

(A) *a taxpayer's identity*, the nature, source, or amount of his income, payments, receipts, deductions, exemptions, credits, assets, liabilities, net worth, tax liability, tax withheld, deficiencies, overassessments, or tax payments, whether the taxpayer's return was, is being, or will be examined or subject to other investigation or processing, or any other data, received by, recorded by, prepared by, furnished to, or collected by the Secretary with respect to a return or with respect to the determination of the existence, or possible existence, of liability (or the amount thereof) of any person under this title for any tax, penalty, interest, fine, forfeiture, or other imposition, or offense,

\*   \*   \*   \*   \*   \*

but such term does not include data in a form which cannot be associated with, or otherwise identify, directly or indirectly, a particular taxpayer.

26 U.S.C. § 6103(b)(2) (emphasis added).

To the extent material comes within the purview of 26 U.S.C. § 6103, it is exempt from release under FOIA Exemption 3. *Moody v. IRS*, 654 F.2d 795, 797 (D.C.Cir. 1981); *Chamberlain v. Kurtz*, 589 F.2d 827, 840 (5th Cir.), *cert. denied,* 444 U.S. 842, 100 S.Ct. 82, 62 L.Ed.2d 54 (1979).

Courts have emphasized, however, that return information can be withheld only to the extent that its release would identify the taxpayer or taxpayers to whom it pertains. *See Moody v. IRS*, 654 F.2d at 797–98; *Neufeld v. IRS*, 646 F.2d 661, 665 (D.C. Cir.1981); *Long v. IRS*, 596 F.2d 362, 368 (9th Cir.1979), *cert. denied*, 446 U.S. 917, 100 S.Ct. 1851, 64 L.Ed.2d 271 (1980).

The Elias Affidavit indicates that "[t]he materials being withheld . . . include taxpayer names, addresses, Social Security numbers, and other identifying data. Such data tends to identify, either directly or indirectly, the taxpayer to whom it pertains and does not pertain to plaintiff." Elias Affidavit at ¶ 4. Plaintiff contends, however, that the Elias Affidavit:

is not what was contemplated by a Vaughn index, her statements do not allow anyone to make a rational decision whether the withheld material must be produced without actually viewing the documents, her statements do not fully describe the nine pages of documents containing excisions, her statement does not compare excisions with what exemption [sic] are claimed, she only makes general vauge [sic] statements.

Plaintiff's Affidavit in Support of Response to Motion for Summary Judgment. The Court disagrees with plaintiff's contentions. The affidavit, read together with the redacted documents, clearly indicates not only that all of the information pertaining to plaintiff was released, *see* Exhibit 4 attached to Defendant's Motion for Summary Judgment, but also that the information that was withheld only pertains to "return information" of third parties. The Elias Affidavit describes in sufficient detail and in nonconclusory fashion, the reasons why portions of the nine pages of documents were withheld. Therefore, the Court has discretion to rely on this affidavit in ruling on defendant's motion for summary judgment. *See Goland v. CIA*, 607 F.2d at 352 (footnote omitted). Contrary to plaintiff's assertions, this affidavit enables the Court to make a rational decision whether portions of the nine pages were withheld properly.

Because the Elias Affidavit clearly indicates that release of this information would

identify the taxpayers to whom it pertains, the Court finds that the IRS properly withheld this information pursuant to FOIA Exemption 3 and 26 U.S.C. § 6103. Accordingly, the Court grants defendant's motion for summary judgment.

III. Conclusion

In accordance with the above, the Court denies plaintiff's "motion under *Vaughn v. Rosen* to require detailed justification, itemization, and indexing;" plaintiff's "request for discovery: production of documents and things for inspection and other purposes;" and plaintiff's motion for an order allowing him to take "oral depositions via telephone;" grants defendant's motion for summary judgment, and dismisses this action.