**Brett Coleman KIMBERLIN,**
**Plaintiff-Appellant,**

v.

**DEPARTMENT OF the TREASURY**
**and Bureau of Alcohol, Tobacco**
**and Firearms, Defendants-Appellees.**

**No. 84–1710.**

United States Court of Appeals,
Seventh Circuit.

Submitted Aug. 22, 1985.*

Decided Oct. 2, 1985.

As Corrected Oct. 8, 1985.

---

* After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." *See* Rule 34(a), Fed.R.App.P.; Circuit Rule 14(f). No such statement having been filed, the appeal has been submitted on the briefs and record.

Brett C. Kimberlin, Chicago, Ill., for plaintiff-appellant.

Joan Lasser, Asst. U.S. Atty., Dan K. Webb, U.S. Atty., Chicago, Ill., for defendants-appellees.

Before CUMMINGS, Chief Judge, WOOD and ESCHBACH, Circuit Judges.

PER CURIAM.

Plaintiff-appellant Brett Kimberlin, a federal prisoner, brought this action in district court pursuant to the Freedom of Information Act, 5 U.S.C. § 552 challenging the withholding of records by the defendants, the Department of the Treasury and the Bureau of Alcohol, Tobacco and Firearms. The district court granted the defendants' motion for summary judgment and Kimberlin appeals. We affirm for the reasons explained below.

I.

Kimberlin filed suit in the United States District Court for the Northern District of Illinois seeking the production of records pursuant to provisions of the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, which related to his arrest and the investigation of a series of bombings which occurred in Speedway, Indiana. The complaint sought the disclosure of 61 pages of information which the Bureau of Alcohol, Tobacco and Firearms ("BATF") withheld pursuant to exemptions of FOIA.[1] These 61 pages consisted of:

(1) 8 pages of Reports of Interviews with third parties prepared by BATF special

1. In response to Kimberlin's original request to the BATF, 677 pages out of 818 pages requested

agents investigating the bombings in Speedway, Indiana.

(2) A 1-page Report of Investigation prepared by BATF special agents investigating the bombings in Speedway, Indiana.

(3) A 5-page memorandum prepared by BATF special agents describing meetings between BATF special agents and private citizens, concerning the bombings in Speedway, Indiana.

(4) 12 pages of documents provided by a local law enforcement agency.

(5) A 1-page BATF document which is a photocopy of a drivers license and passport.

(6) A 1-page BATF document consisting of handwritten notes.

(7) 10 pages of documents provided by U.S. Customs.

(8) 7 pages of documents provided by the FBI.

(9) 16 pages of documents provided by the Drug Enforcement Administration.

On cross-motions for summary judgment, the district court granted the BATF's motion for summary judgment, concluding that the documents which Kimberlin sought were exempt from disclosure.[2]

## II.

"The Freedom of Information Act sets forth a policy of broad disclosure of Government documents in order 'to ensure an informed citizenry, vital to the functioning of a democratic society.'" *FBI v. Abramson*, 456 U.S. 615, 621, 102 S.Ct. 2054, 2059, 72 L.Ed.2d 376 (1982) citing *NLRB v. Robbins Tire & Rubber Co.*, 437 U.S. 214, 242, 98 S.Ct. 2311, 2327, 57 L.Ed.2d 159 (1978). "An agency must release information in its possession unless it falls within one of the nine statutory exemptions to the Act." *Miller v. Bell*, 661 F.2d 623, 626 (7th Cir.1981), *cert. denied*, 456 U.S. 960, 102 S.Ct. 2035, 72 L.Ed.2d 484 (1982). "In light of the policy favoring disclosure, however, those exemptions are to be narrowly construed." *Id.*

■ Prior to addressing the substantive merits of Kimberlin's claims, two procedural points merit our attention. First, Kimberlin seeks to litigate in the present appeal the status of thirty-three pages of documents which are presently the subject of litigation in another federal district court. Principles of judicial economy and prudent judicial administration dictate that Kimberlin pursue his claims relating to the documents in the action which is presently pending and which was filed prior to the present action.[3] *See generally Colorado River Water Conservation District v. United States*, 424 U.S. 800, 817–19, 96

---

were produced in whole or in part. An administrative appeal resulted in the production of 42 more documents and the referral of 73 pages to other federal agencies. These agencies produced 38 of the requested pages.

**2.** The district court entered summary judgment for the defendants for two reasons. First, the district court relied upon section (j)(2) of the Privacy Act to conclude that the requested documents were exempt under section (b)(3) of FOIA, 5 U.S.C. § 552(b)(3) ("Material specially exempted from disclosure by another statute that requires such material be withheld from the public."). Subsequent to the district court decision, the Supreme Court vacated this Court's decision in *Shapiro v. Drug Enforcement Administration*, 721 F.2d 215 (7th Cir.1983), because of recent amendments to the Privacy Act. *See United States Dept. of Justice v. Provenzano*, —— U.S. ——, 105 S.Ct. 413, 83 L.Ed.2d 242 (1984). It is clear in light of *Provenzano* that the Privacy Act does not form a basis for withholding the requested documents.

The district court proceeded nonetheless to carefully examine the status of the requested documents under FOIA and determined that they were exempt under provisions of FOIA. It is this portion of the district court order that we address on appeal.

**3.** In *Brett Coleman Kimberlin v. U.S. Dept. of Navy, U.S. Customs Service, Federal Bureau of Investigation and Drug Enforcement Administration*, No. IP–82–1505–C (S.D.Ind.), Kimberlin litigated the withholding of these thirty-three documents. The district court, Judge Dillin, granted summary judgment for the defendants. (R. at 24, Exh. 2). The district court in the present action held that this decision was res judicata and barred litigation with respect to these thirty-three documents in the present action. By order dated January 23, 1985, we granted Kimberlin's motion to vacate the judgment of the district court in No. IP–82–1505–C and remanded to the district court for reconsideration in light of the vacation of *Shapiro v. Drug Enforcement Agency*, 721 F.2d 215 (7th Cir.1983), by the

S.Ct. 1236, 1246–47, 47 L.Ed.2d 483 (1976); *Kerotest Manufacturing Co. v. C–O–Two Fire Equipment Co.*, 342 U.S. 180, 183, 72 S.Ct. 219, 221, 96 L.Ed. 200 (1952); *Ridge Gold Standard Liquors, Inc. v. Joseph E. Seagram & Sons, Inc.*, 572 F.Supp. 1210, 1213 (N.D.Ill.1983).

■ Second, Kimberlin raises for the first time on appeal an issue never presented to the district court: the portions deleted from the documents which he received through his FOIA requests. The United States Attorney urges—and we agree— that Kimberlin's failure to present this issue to the district court waives it on appeal. *See, e.g., United States v. Meadors*, 753 F.2d 590, 594 (7th Cir.1985); *Yorger v. Pittsburgh Corning Corp.*, 733 F.2d 1215, 1220 (7th Cir.1984). Kimberlin's vigorous assertions to the contrary notwithstanding, we have carefully scrutinized the record and find this issue neither raised nor discussed in any of Kimberlin's pleadings before the district court, and accordingly, deem it waived. We turn now to Kimberlin's assertions of error, which for reasons of convenience, we discuss seriatim.

(a) *Eight pages of Reports of Interviews with Third Parties.*

■ These eight pages consist of reports of interviews with third parties prepared by BATF special agents who were investigating the bombings in Speedway, Indiana. The district court concluded that these documents were exempt under 5 U.S.C. § 552(b)(7)(C) as well as 5 U.S.C. § 552(b)(7)(D). Because we conclude that these documents are exempt under subsection (7)(D), we need not discuss whether they are also exempt under (7)(C).

5 U.S.C. § 552(b)(7)(D) exempts from disclosure:

> (7) investigatory records compiled for law enforcement purposes but only to the extent that the production of such records would ... (D) disclose the identity of a confidential source and ... confidential information furnished only by the confidential source.

Kimberlin contends that the government failed to make the requisite showing of confidentiality. We disagree. In *Miller v. Bell*, 661 F.2d 623, 627 (7th Cir.1981), we carefully analyzed the confidentiality element of subsection (7)(D). We noted first, citing the legislative history of FOIA, that Congress was extremely "concerned ... that personal privacy and confidentiality be preserved by means of exemptions (7)(C) & (D)." *Miller*, 661 F.2d at 626.[4] We concluded that law enforcement "affidavits which 'comprehensively set forth the ex-

---

Supreme Court. Proceedings with respect to these thirty-three documents are pending in the district court in the Southern District of Indiana.

**4.** We stated in *Miller:*
Congress was extremely concerned, however, that personal privacy and confidentiality be preserved by means of exemptions 7(C) & (D), those at issue in this suit. Senator Hart, who introduced the amendment, discussed at length the purpose and operation of these exemptions in a Memorandum Letter contained in the legislative history of the amendments. He stated:
A question has been raised as to whether my amendment might hinder the [FBI] in the performance of its investigatory duties. The Bureau stresses the need for confidentiality in its investigations. I agree completely....
... My amendment would not hinder the Bureau's performance in any way.... [The amendment] was carefully drawn to preserve every conceivable reason the Bureau might have for resisting disclosure of material in an investigative file:
If informants' anonymity—whether paid informers or citizen volunteers—would be threatened, there would be no disclosure;
....
If disclosure is an unwarranted invasion of privacy, there would be no disclosure....;
If in any other way the Bureau's ability to conduct such investigation was threatened, there would be no disclosure.
120 Cong.Rec. S17040 (1974), *reprinted in* Subcomm. on Govt. Information and Individual Rights, House Comm. on Govt. Operations. 94th Cong., 1st Sess., Freedom of Information Act and Amendments of 1974 (P.L. 93–502) Source Book: Legislative History, Texts, and other Documents (Joint Comm. Print) 351 (hereinafter cited as FOIA Source Book).
In relation to the confidential information and source provisions of exemption 7(D) Senator Hart was specific in identifying precisely the burden of justification for withholding that the exemption imposed upon the Bureau:

emptions upon which [the] agency had relied when it exercised portions of its file ... and set forth the reasons underlying their use' were sufficient." *Id.* at 627 citing *Scherer v. Kelley*, 584 F.2d 170 (7th Cir.1978), *cert. denied*, 440 U.S. 964, 99 S.Ct. 1511, 59 L.Ed.2d 778 (1979). We held that "[u]nless there is evidence to the contrary in the record, we believe such promises of confidentiality are inherently implicit in FBI [BATF] interviews conducted pursuant to a criminal investigation." 661 F.2d at 627.

Applying these criteria to the facts of the present case, we think that these eight pages of reports are exempt under subsection (7)(D). The BATF affidavit (R. at 19) stresses that the BATF has traditionally protected the privacy of the individuals who supply it with information and insured the confidentiality of information supplied. There is no evidence of record to suggest that this information is not confidential. As the district court aptly pointed out, there is a realistic possibility that disclosure of this information or the names of the citizens could result in harassment and unwarranted invasions of privacy.

(b) *One-page report of investigation.*

█ This document consists of a list of telephone numbers and various cities. The district court held that this information is exempt under 5 U.S.C. § 552(b)(7)(C) which exempts:

> (7) investigatory reports compiled for law enforcement purposes, but only to the extent that the production of such documents would ... (c) constitute an unwarranted invasion of personal privacy.

Kimberlin contends that the district court, in concluding that this document was exempt, failed to balance the public interest in disclosure of this document against the individual's right to privacy. We disagree. The record fails to reflect any benefit which would accrue to the public from disclosure of this document and Kimberlin's self-serving assertions of government wrongdoing and coverup do not rise to the level of justifying disclosure. *See, e.g., Miller v. Bell*, 661 F.2d at 630 ("The plaintiff's broad unsupported hints of a government coverup ... fly in the face of the substance of the disclosed documents which reveal this case as one of consequence to only one individual."). It is undisputed that a knowledgeable person could discover the names associated with the phone numbers, and there is a realistic possibility of harassment and invasion of privacy were this document released. *See Antonelli v. Sullivan*, 732 F.2d 560, 562 (7th Cir.1983) ("Mr. Antonelli has mentioned no legitimate need for the ... phone numbers, and we can well imagine the invasions of privacy that would result should he obtain them.").

(c) *Memorandum concerning meetings with private citizens.*

█ This is a five-page memorandum which discusses meetings held with citizens concerning the bombings in Speedway, Indiana. Relying upon the affidavit submitted by the BATF, the district court held that this document was exempt under subsection (7)(D) because the private citizens named in the memorandum were given express assurances of confidentiality prior to talking with the BATF agents. Kimberlin asserts that this memorandum consists of interviews conducted by the BATF of those inmates with whom he was incarcerated pending trial.

█ Kimberlin contends that any claim of confidentiality with respect to this memorandum was waived because the information in the memorandum was disclosed prior to and during trial. Assuming *arguendo* that this information was in fact dis-

---

[T]he agency not only can withhold information which would disclose the identity of a confidential source but also can provide blanket protection for any information supplied by a confidential source. The President is therefore mistaken in his statement that the FBI must prove that disclosure would reveal an informer's identity; all the FBI has to do is to state the information was furnished by a confidential source and it is exempt.
(citations omitted) 661 F.2d at 626–27.

closed, this disclosure did not waive any claims of confidentiality under FOIA. The disclosure of information given in confidence does not render non-confidential any of the information originally provided. *See Shaw v. FBI*, 749 F.2d 58, 62 (D.C.Cir.1984) (confidential means given in confidence, not necessarily secret); *L & C Marine Transport, Ltd. v. United States*, 740 F.2d 919, 922–23 (11th Cir.1984); *Radowich v. U.S. Atty. Dist. of Maryland*, 658 F.2d 957, 959–60 (4th Cir.1981); *Lame v. U.S. Dept. of Justice*, 654 F.2d 917, 925 (3d Cir.1981) ("Courts have consistently held that the subsequent disclosure of information originally given in confidence does not render non-confidential any of the information originally provided"). The private citizens named in this document were given express assurances of confidentiality, and the subsequent disclosure of this information does not affect the exempt status of this information under FOIA.

(d) *Twelve pages of documents from a local law enforcement agency.*

█ The district court held that these twelve pages of reports were exempt pursuant to 5 U.S.C. § 552(b)(7)(D) as confidential information. Kimberlin contends that the BATF has failed to make an adequate showing of confidentiality and, citing *Ferguson v. Kelley*, 448 F.Supp. 919, 923 (N.D. Ill.1978), contends that subsection (7)(D) does not apply to law enforcement agencies because they are public agencies subject to public scrutiny.

In *Kelley*, the district court had ordered disclosure of the names of FBI and local police officers involved in a criminal investigation. On reconsideration, however, the district court reversed its earlier ruling and ordered the names withheld. *Ferguson v. Kelley*, 455 F.Supp. 324, 327 (N.D.Ill.1978). Caselaw from this circuit and others clearly establishes that subsection (7)(D) applies to information supplied by local law enforcement agencies. *See, e.g., New England Apple Council v. Donovan*, 725 F.2d 139, 142–43 (1st Cir.1984); *Lesar v. United States Dept. of Justice*, 636 F.2d 472 (D.C.

Cir.1980); *Church of Scientology of California v. United States Dept. of Justice*, 612 F.2d 417, 427 (9th Cir.1979); *Terkel v. Kelly*, 599 F.2d 214 (7th Cir.1979), *cert. denied*, 444 U.S. 1013, 100 S.Ct. 662, 62 L.Ed.2d 642 (1980); *Nix v. United States*, 572 F.2d 998, 1005 (4th Cir.1978).

In the present case, the BATF affidavit states that there is a traditional understanding of confidentiality with respect to information provided by non-federal and local law enforcement agencies and that disclosure of such information would greatly diminish cooperation between local and federal law enforcement agencies. The information which Kimberlin seeks was provided with assurances of confidentiality, and accordingly, is exempt from disclosure under subsection (7)(D).

(e) *The Drivers License and Passport.*

█ Kimberlain contends that these documents were introduced into evidence in a federal trial in Texas in which he was a co-defendant and, as such, are no longer confidential. The district court held that these documents were exempt from disclosure under subsection (7)(C), regardless of the Texas ruling, as constituting an unwarranted invasion of privacy.

Exemption (7)(C) requires the court to balance the privacy interest of the individuals against any possible public interest in disclosure of the documents. *See Department of Air Force v. Rose*, 425 U.S. 352, 379 n. 16, 96 S.Ct. 1592, 1607 n. 16, 48 L.Ed.2d 11 (1976); *L & C Marine Transport Ltd.*, 740 F.2d at 922; *New England Apple Council*, 725 F.2d at 143; *Miller*, 661 F.2d 623, 628–31 (7th Cir.1981). Kimberlin identifies no public interest to be furthered by disclosure of this information and, as we have discussed earlier, there is a realistic possibility of harassment and invasion of privacy. The district court properly concluded that these documents were exempt under subsection (7)(C).

(f) *A handwritten note listing names, addresses and phone numbers.*

█ The district court held that these documents were exempt under subsection (7)(C), because their disclosure would obvi-

ously constitute an unwarranted invasion of privacy. Although the district court did not explicitly set forth its balancing process on the record, it is clear that, in light of the lack of any public interest to be furthered by the disclosure of these documents and the risk of invasion of privacy, the district court properly determined that these documents were exempt under subsection (7)(C).

██ Finally, Kimberlin contends that the district court erred in declining to examine the requested documents *in camera.* The record reflects that Kimberlin never requested the district court to examine the documents *in camera.* At any rate, *in camera* review of documents is discretionary, *see* 5 U.S.C. § 552(a)(4)(B), and there was no abuse of discretion here. Affidavits are sufficient to justify summary judgment under FOIA without *in camera* inspection where the affidavits "(1) describe the withheld documents and the justifications for non-disclosure with reasonably specific detail, (2) demonstrate that the information withheld falls logically within the claimed exemption, and (3) are not controverted by either contrary evidence in the record or by evidence of agency bad faith." *Stein v. Department of Justice & FBI,* 662 F.2d 1245, 1253 (7th Cir.1981). *See also NLRB v. Robbins Tire & Rubber Co.,* 437 U.S. 214, 224, 98 S.Ct. 2311, 2318, 57 L.Ed.2d 159 (1978) ("The in camera review provision [of FOIA] is designed to be invoked when the issue before the district court could not be otherwise resolved; it thus does not mandate that the documents be individually examined in every case."); *Center for Auto Safety v. E.P.A.,* 731 F.2d 16, 22–23 (D.C.Cir.1984); *McGehee v. C.I.A.,* 697 F.2d 1095 (D.C.Cir.1983). Applying these standards to the facts of the present case, the district court did not abuse its discretion in not reviewing the documents *in camera.* The BATF affidavit describes the requested documents and the justifications for nondisclosure with reasonable specificity, the withheld information logically falls within the exemptions, and there is no evidence contrary to the affidavits or of bad faith by the BATF.

We affirm the district court's order granting summary judgment for the defendants.

Affirmed.