**David ELY, Petitioner,**

v.

**UNITED STATES of America, Respondent.**

Civ. No. 86–3202, Crim. No. 79–10041.

United States District Court, C.D. Illinois, Springfield Division.

Feb. 5, 1987.

Janet L. Jannusch, Asst. U.S. Atty., Peoria, Ill. (Criminal), David Ely, Memphis, Tenn. (Civil), for petitioner.

John T. Brady, Peoria, Ill. (Criminal), for respondent.

## OPINION AND ORDER

MILLS, District Judge:

The torrent of litigation flowing from the plea of guilty in this case is utterly appalling!

Ely's guilty plea in September 1982 was to counts of distributing and conspiring to distribute cocaine in violation of 21 U.S.C. §§ 841(a)(1), 846, as well as to failure to appear in violation of 18 U.S.C. § 3150. *United States v. Ely,* No. 79–10041 (C.D. Ill. filed Oct. 12, 1979), *aff'd,* 719 F.2d 902 (7th Cir.1983), *cert. denied,* 465 U.S. 1037, 104 S.Ct. 1313, 79 L.Ed.2d 710 (1984).

And what has followed is a gross and outrageous example of how one man can clog the wheels of justice in both this nation's trial and reviewing courts with predominantly frivolous lawsuits. Ely's cases have been up and down, right and left, vertically and horizontally into virtually every nook and cranny of the federal judicial system—save the court of last resort.

A quick recap reveals the following related actions:

*Ely v. Department of Justice,* 610 F.Supp. 942 (N.D.Ill.1985), *aff'd,* 792 F.2d 142 (7th Cir.1986);

*Ely v. More Than 20 FBI Agents and A Swat Team,* 792 F.2d 142 (7th Cir.1986);

*Ely v. Radke,* 789 F.2d 920 (7th Cir.1986);

*Ely v. United States,* 789 F.2d 919 (7th Cir.1986);

*Ely v. Federal Bureau of Investigation,* 781 F.2d 1487 (11th Cir.1986);

*Ely v. United States Postal Service,* 753 F.2d 163 (D.C.Cir.1985);

*Ely v. United States Bureau of Prisons,* 732 F.2d 160 (8th Cir.1984);

*Ely v. Criminal Division of Dept. of Justice,* 588 F.Supp. 628 (D.D.C.1984);

*Ely v. Internal Revenue Service,* 54 A.F. T.R.2d 5495 (W.D.Wis.1984);

*Ely v. Federal Bureau of Investigation,* No. 84–3035 (C.D.Ill. filed Dec. 14, 1983);

*Ely v. Purdon,* No. 83–3350 (C.D.Ill. filed Dec. 14, 1983).

Of course, these decisions only begin to scrape the surface. To determine all the suits Ely has filed in the courts of the United States would be a monumental task. Indeed, Ely himself has probably lost track.

Nevertheless, he persists. Ely is again back in federal court. Returning to his roots, Ely now moves this tribunal pursuant to 28 U.S.C. § 2255 to set aside his sentence upon a guilty plea in the prosecution which gave rise to his polemical attitude. Ely, however, is entitled to no relief. As required by Rule 4(b) of the Rules Governing Section 2255 Proceedings, the Court has examined the motion, together with the records and transcripts relating to the judgment under attack, and finds that the United States Attorney should not be compelled to answer. The petition is wholly without merit.

For the following reasons, summary dismissal is proper.[1]

### Background

David Ely is currently incarcerated at the Federal Correctional Institute in Memphis, Tennessee. As previously mentioned, he is impounded as a result of his admitted involvement with cocaine and a subsequent three-year flight from justice. On November 5, 1982, Senior District Judge Robert Morgan sentenced Petitioner to the maximum term of 15 years on each of two narcotics counts—to be served consecutively—followed by ten years of supervision for the failure to appear offenses.[2]

Thereafter, Ely directly appealed both his conviction and sentence unsuccessfully to the Seventh Circuit. The reviewing court, addressing only the two issues raised, held that the indigent Defendant did not have a right to counsel of his own choice under the Sixth Amendment. Nor did the trial judge abuse his discretion in proscribing Defendant to 30 years in prison. *United States v. Ely*, 719 F.2d 902 (7th Cir.1983).

Ely's next step was to move for a new trial pursuant to Fed.R.Crim.P. 33 based upon the Government's alleged violation of the plea agreement. That motion was denied with an appeal therefrom dismissed as legally frivolous. In the meantime, Ely filed a second motion for a new trial on the ground of Government misconduct, as well as a motion for an extension of time in which to seek a reduction of sentence under Fed.R.Crim.P. 35(b). The summary denial of those motions was affirmed for want of both jurisdiction and merit in an unpublished opinion.

Still, Ely has not become discouraged. His current petition sets forth in excruciating detail four unavailing reasons as to his allegedly unlawful detainment: (1) an inaccurate presentence report; (2) ineffective assistance of counsel; (3) a coerced plea; and (4) an abuse of sentencing discretion.

### Discussion

■ The Court initially notes that all but the last of Petitioner's claims are newborn. Neither did Ely raise them on direct appeal nor in his post-conviction motions. Thus, the issue of waiver arises. Nevertheless, this tribunal need look no further than the recent decision in *Williams v. United States*, 805 F.2d 1301 (7th Cir.1986), for guidance. In that case, the Seventh Circuit clearly held that the "cause and prejudice" standard of *Norris v. United States*, 687 F.2d 899 (7th Cir.1982), is applicable when a defendant attacks his sentence upon a guilty plea by raising new questions for the first time in a § 2255 proceeding. *Williams*, 805 F.2d at 1306–07. In other words, a failure to raise constitutional challenges to a conviction and sentence on direct appeal or in post-conviction motions bars a defendant from raising the same issues under § 2255 absent a showing of good cause for and prejudice from the failure to do so. *Norris*, 687 F.2d at 903–04; *see also United States v. Frady*, 456 U.S. 152, 102 S.Ct. 1584, 71 L.Ed.2d 816 (1982). The interest of finality demands no less.

### I

■ Ely's first ground for relief concerns allegedly false or inaccurate information contained in his presentence report which Judge Morgan purportedly relied on in passing sentence. Ely, however, indubitably failed to bring this issue to the Courts' attention on a number of previous

---

1. In delivering its opinion, the Court is mindful that "the preferred practice in dismissing a section 2255 motion in accordance with Rule 4(b) is to enumerate the issues raised by the movant, specify that each is being summarily dismissed in accordance with the rule and explain the legal ground for that action." *United States v. Counts*, 691 F.2d 348, 349 (7th Cir.1982).

2. On October 16, 1985, Judge Morgan recused himself from further handling matters involving the Petitioner. Thus, Ely's current motion is before this Court pursuant to that portion of Rule 4(a) stating: "If the appropriate judge is unavailable to consider the motion, it shall be presented to another judge of the district in accordance with the procedure of the court for the assignment of its business."

occasions. In fact, the appellate court remarked in affirming the length of Ely's sentence that the factual accuracy of the presentence report was not contested. *Ely*, 719 F.2d at 907.

Indeed, if the evidence suggested that the Defendant did not have an opportunity to review the presentence report and thus discover any factual inaccuracies therein as guaranteed by Fed.R.Crim.P. 32(c)(3)(A), this Court might reconsider the applicability of the waiver doctrine. *See United States v. Johnson*, 607 F.Supp. 258, 263 (N.D.Ill.1985). But Ely's dialogue with the Court at his sentencing indicates otherwise:

> THE COURT: Mr. Ely, since you were last in court, the court has had the benefit of a report of a pre-sentence investigation by the probation officer. A copy was furnished to your attorney. Have you had a chance to go over it together?
> THE DEFENDANT: Yes, sir, I read it.
> THE COURT: Do either of you have any comments on the probation officer's report such?
> THE DEFENDANT: No, sir.

Consequently, Ely's claim that the report was not made available to him is frivolous. Clearly, the time for objecting to the alleged improper inclusions was at the sentencing. Petitioner has shown no cause for his failure to do so. As expressed in *Williams*, 805 F.2d at 1308:

> The question is not whether [the defendant] raised the issue, but rather whether he could have and simply failed without cause to do so. If this were not the case, litigants would be free to keep issues in reserve while presenting challenges to

their convictions and sentences one issue at a time. Especially at a time when the federal courts are drowning in litigation, the presumption is against piecemeal litigation and it is the movant's burden to overcome the presumption by showing that he has a good reason for proceeding in this manner.

*See also Taylor v. United States*, 798 F.2d 271, 273 (7th Cir.1986).[3]

## II

Ely likewise has waived his second claim of ineffective assistance of counsel by failing to show cause why he has not advanced it sooner. This conclusion necessarily results from the language of the appellate court's opinion on direct appeal:

> Ely does not argue that Brady was incompetent or had a conflict of interest.... Although he preferred Bartley, Ely expressed no dissatisfaction with Brady. It was not that Brady was not good but that Bartley was, in Ely's opinion, better.

*Ely*, 719 F.2d at 904. Moreover, the Court noted that Ely was supplied with the services of competent and experienced legal counsel. *Id.* at 905. Thus, his second ground is baseless.

## III

Defendant's third assertion fares no better. In essence, Ely challenges the voluntariness of his plea, maintaining that the Government utilized a "carrot and stick approach" to coerce him into admitting guilt. But he cannot now be heard to cry

---

**3.** Furthermore, the Court finds no merit in the substance of Petitioner's first allegation. In affirming the district court, the Seventh Circuit outlined the contents of the presentence report relied upon by Judge Morgan, but referred to none of the numerous professed errors. Ely's claim that the sentencing judge took into account alleged references to convictions for kidnapping, intimidation and the like is simply unfounded:

> Moreover, the circumstances of his arrest in 1982, disclosed in the presentence report, suggest that Ely has a propensity to violence. He was traveling in a car that had been wired by the FBI. By his own statement he was en

route to rob a bank and was armed; and he was arrested after the FBI heard him say he would steal a car in the vicinity of the bank and shoot any police officer who tried to stop him. So besides having committed serious narcotics offenses, being a convicted robber, and having been a fugitive for three years, Ely made a threat, that in the circumstances cannot be dismissed as idle, to take human life. All these were pertinent considerations in sentencing, see 18 U.S.C. § 3577, all were before the district judge in a presentence report the factual accuracy of which is not contested, ...

*Ely*, 719 F.2d at 907.

foul when he had more than ample opportunity to do so in a direct appeal and in three post-conviction motions.

Furthermore, Ely's proposition is nonsense. At his change of plea hearing Ely stated that no threats, or promises other than those contained in the plea agreement, had induced him to acknowledge his culpability:

> THE COURT: Mr. Ely, you have heard the agreement announced by the Assistant United States Attorney and concurred in by your attorney; do you understand this agreement?
>
> DEFENDANT: Yes, sir, I do.
>
> THE COURT: Do you approve it?
>
> DEFENDANT: Yes, sir, I do.
>
> THE COURT: Have any threats of any kind been made in order to induce you to plead guilty to Counts I, V, and VI subject only to this agreement?
>
> DEFENDANT: No, sir.
>
> THE COURT: Have any promises of any kind been made other than those contained in the agreement itself ... [have] any other promises of any kind been made to you that you are relying upon in any way?
>
> DEFENDANT: No, sir.

In addition, Ely further indicated he understood the consequences of his guilty plea including the potential penalties for the offenses charged. Thus, Ely's third allegation is unfounded.

### IV

Finally, Ely again raises the argument presented on direct appeal that the trial judge abused his discretion by imposing a much longer sentence upon him than either of two co-defendants. But the Seventh Circuit found that the record prevented it "from concluding that Ely's sentence [was] so disproportionate and unexplained that the district judge must not have exercised his sentencing discretion and should be told to try again." *Ely*, 719 F.2d at 907.

Such being the case, it seems somewhat elementary to this Court that the ruling of the reviewing court must stand. Were it not thus, the superior orders in the judicial chain of command would constantly be thwarted, no determination would ever be final, and justice would cease to be either administered or dispensed.

### Conclusion

To observe the behavior of this Defendant is to comprehend why the average layman is skeptical that justice is ever accomplished, and why the administration of justice—lawyers, judges, courts, all of our legal structure—is viewed with doubt and mistrust. The general public is suspicious that the letter of the law is misused to subvert the spirit of the law and further suspects that the apparent perfection sought by forms, pleadings and procedures is more important than fairness and the final disposition of cases.

Ely gives us no reason to believe otherwise.

Unfortunately for Defendant, however, a point of no return—a moment of finality—to all litigation must exist, somewhere, sometime. And if ever a time for such finality arose, it is now—in this criminal prosecution of David Ely. This Court has finished the final chapter in Case No. 79–10041 and now closes the book. Petitioner has had more than his day in court—he has had a legal lifetime. But he has reached the end, at least in this matter!

*Ergo*, Petitioner's motion under 28 U.S.C. § 2255 to set aside his sentence is DENIED pursuant to Rule 4(b). Any further outstanding motions are likewise DENIED.

This case is CLOSED.