David ELY, Plaintiff,

v.

FEDERAL BUREAU OF
INVESTIGATION,
Defendant.

No. 84–3035.

United States District Court,
C.D. Illinois,
Springfield Division.

April 10, 1987.

David Ely, pro se.

James A. Lewis, Asst. U.S. Atty., Springfield, Ill., for defendant.

## OPINION ORDER

MILLS, District Judge:

Lexis and Westlaw tell us that Ely has been reported in 16 cases.[1]

And that doesn't count the unreported ones!

Ely is a *pro se* gadfly.[2]

---

1. A quick scan reveals the following cases:

    1. *In re David Ely,* 471 U.S. 1064, 105 S.Ct. 2170, 85 L.Ed.2d 526 (April 29, 1985) (petition for writ of mandamus denied).
    2. *In re David Ely,* 471 U.S. 1052, 85 L.Ed.2d 491 (April 22, 1985) (petition for writ of mandamus denied).
    3. *In re David Ely,* 469 U.S. 1183, 105 S.Ct. 981, 83 L.Ed.2d 983 (Jan. 21, 1985) (petition for writ of mandamus denied).
    4. *Ely v. More Than 20 FBI Agents & a Swat Team,* 792 F.2d 142 (7th Cir.1986) (unpublished decision).
    5. *Ely v. Dept. of Justice,* 792 F.2d 142 (7th Cir.1986) (unpublished decision).
    6. *Ely v. Radke,* 789 F.2d 920 (7th Cir.1986) (unpublished decision).
    7. *Ely v. FBI,* 781 F.2d 1487 (11th Cir.1986).
    8. *Ely v. U.S. Postal Service,* 753 F.2d 163 (D.C.Cir.1985).
    9. *Ely v. U.S. Bureau of Prisons,* 732 F.2d 160 (8th Cir.1984).
    10. *Ely v. United States,* 652 F.Supp. 698 (C.D.Ill., Feb. 5, 1987).
    11. *Ely v. Dept. of Justice, Office of U.S. Attorney Elizabeth Stein & Norman Lerum,* 610 F.Supp. 942 (N.D.Ill.1985).
    12. *Ely v. Criminal Division of the Dept. of Justice,* 588 F.Supp. 628 (D.D.C.1984).
    13. *Ely v. Internal Revenue Service,* 54 A.F.T.R. 2d 5495 (W.D.Wis.1984).
    14. *Ely v. Internal Revenue Service,* 84–2 U.S. Tax Cas. (CCH) P9559 (W.D.Wis.1984).
    15. *Ely v. Glen Ellyn Police Department,* 471 U.S. 1068, 105 S.Ct. 2146, 85 L.Ed.2d 502 (April 29, 1985) (petition for writ of certiorari denied).
    16. *Ely v. Hegarty,* No. 84–C–8070 (N.D.Ill. 1985). [Available on WESTLAW, DCT database].

2. As the following definitions illustrate, the term "gadfly" scores the mark:

    "One habitually engaged in provocative criticism of existing institutions."

This case is his fifth one in this Court alone—and he *loses.*

David Ely, a federal prisoner, brings this action pursuant to the Freedom of Information Act (FOIA), 5 U.S.C. § 552, and the Privacy Act, 5 U.S.C. § 552a, challenging the withholding of records and exemptions claimed by the Defendant, the Federal Bureau of Investigation (FBI).

The FBI moves for summary judgment. Fed.R.Civ.P. 56. Motion allowed.

## Background

Ely's complaint seeks the disclosure of information deleted from 96 pages of documents produced by the FBI in response to Ely's request under the FOIA.[3] The FBI withheld the deleted information on the basis of a number of exemptions to the FOIA. Ely's complaint also requests the production of additional documents he says are being withheld by the FBI. That claim, however, has already been litigated in another court and will be given *res judicata* effect. This case deals only with the propriety of the exemptions claimed by the FBI, which was not at issue in the other court proceedings.[4]

The Freedom of Information Act "sets forth a policy of broad disclosure of government documents in order to insure an informed citizenry, vital to the functioning of a democratic society." *Kimberlin v. Dept. of Treasury,* 774 F.2d 204, 206 (7th Cir.1985), *citing FBI v. Abramson,* 456 U.S. 615, 621, 102 S.Ct. 2054, 2059, 72 L.Ed.2d 376 (1982). Under the Act, an agency must release information in its pos-

---

American Heritage Dictionary, Second Edition, 1982

"One that stimulates or provokes to activity and especially to the analysis and defense of ideas by persistent criticism especially of an irritating pointed kind."

Webster's Third New International Dictionary, Third Edition, 1963.

"A person who repeatedly and persistently annoys others with schemes, ideas, demands, requests, etc."

Random House Dictionary of the English Language, Unabridged Edition, 1969.

3. By letter dated 8/21/83, addressed to the Federal Bureau of Investigation, Peoria Branch, Federal Building, Peoria, Illinois, Ely submitted an FOIPA request for files "indexed, maintained and known—under the name David Frederick Ely." He declared that he had no funds to pay for any fees.

Pursuant to his request, a search of the indices to the Central Records System of the Springfield office was initiated to determine if records responsive to the request were contained therein.

This search disclosed the following files that were compiled for law enforcement purposes and were determined to be responsive to Ely's request:

(A) Springfield file 92–1931, characterized as "Hobbs Act," dating from 11/19/76 through 12/20/76. This file consists of a single volume, comprised of 10 pages. This investigation was predicated upon receipt of information from the Peoria, Illinois, Police Department, that Ely and another individual had been accused of abducting and robbing the victim who filed the complaint.

Springfield file 91A–8618, characterized as "Attempted Bank Robbery; Narcotics; and Failure to Appear," dated 8/6/82 through 5/4/83.

The file consists of three volumes comprised of 230 pages. This case was predicated upon receipt of information regarding a possible bank robbery. An investigation was subsequently initiated pursuant to the FBI's responsibility to investigate violations of Title 18, U.S.C., section 2113(a).

It was also determined during the review of the Springfield Field Office files, that auxiliary offices in Chicago and Tampa also maintained main files on Ely which related to the Springfield investigation. (An auxiliary office is an FBI field office which has secondary investigative responsibility in an investigation initiated by another field office.) The aforesaid files are Tampa 91A–5752, characterized as "Bank Robbery; Passport and Visa Matter," and Chicago 91A–14311, characterized as "Attempted Bank Robbery." According to the affidavit of D.F. Martell, special agent, any of the Tampa or Chicago records which are not duplicative and which are subject to disclosure will be released.

4. In *David Ely v. Federal Bureau of Investigation,* No. 83–C–605–S (W.D.Wis.), Ely litigated the FBI's withholding of all documents that were responsive to his broad request for information. The district court, Judge Shabaz, found that the FBI "ha[d] released all the information requested by Ely for which it has not claimed a statutory exemption." Order, Nov. 16, 1983, at p. 2. The district court also noted, however, that the Court would have jurisdiction over any challenge he might have to the FBI's claimed exemptions. Nevertheless, because Ely's only claim before the Court was that the FBI failed to respond to his initial request, the Court dismissed the action as moot. The Court of Appeals dismissed his appeal as "legally frivolous" and lacking docketing fees. *Ely v. FBI,* No. 83–3109 (7th Cir., Dec. 28, 1983).

session unless it falls within one of the nine statutory exemptions to the Act. *Miller v. Bell*, 661 F.2d 623, 626 (7th Cir.1981), *cert. denied*, 456 U.S. 960, 102 S.Ct. 2035, 72 L.Ed.2d 484 (1982). The policy embodied by the Act favors disclosure; therefore, the exemptions are to be narrowly construed. *Id.*

### I

In order to satisfy its burden of proving the applicability of the exemptions claimed by the FBI, the Government submitted two separate affidavits: each by Special Agent D.F. Martell. These affidavits contain a detailed explanation for the nondisclosure of each deleted segment of the documents produced to Ely. After reviewing these affidavits and Ely's evidence and objection to them, the Court finds that summary judgment in favor of the Government is appropriate without *in camera* inspection of the deleted portions of the documents. *See Kimberlin*, 774 F.2d at 210.

▉ *In camera* review of documents is discretionary, *see* 5 U.S.C. § 552(a)(4)(B); the provision for such review is designed to be invoked only when the issue before the district court could not otherwise be resolved. *NLRB v. Robbins Tire & Rubber Co.*, 437 U.S. 214, 224, 98 S.Ct. 2311, 2318, 57 L.Ed.2d 159 (1978); *Center for Auto Safety v. EPA*, 731 F.2d 16, 22–23 (D.C.Cir. 1984). Government affidavits "are sufficient to justify summary judgment under the FOIA without *in camera* inspection where the affidavits (1) describe the withheld documents and the justification for

nondisclosure with reasonably specific detail, (2) demonstrate that the information withheld falls logically within the claimed exemption, and (3) are not controverted either by contrary evidence in the record or by evidence of agency bad faith." *Kimberlin*, 774 F.2d at 210, *quoting Stein v. Dept. of Justice & FBI*, 662 F.2d 1245, 1253 (7th Cir.1981). *See also Ely v. Federal Bureau of Investigation*, 781 F.2d 1487 (11th Cir. 1986).

▉ In the present case, Martell's affidavits meet this standard: they describe in detail the justifications for nondisclosure, and indicate how the withheld information logically falls within the exemptions. In response, Ely does not level an attack upon the specific exemptions claimed by the FBI, but instead focuses upon "evidence" of agency bad faith. The Court will, therefore, turn to a brief discussion of Ely's major contentions.[5]

### II

A complaint Ely registers at numerous points in his pleadings is that the FBI withheld records without claiming exemptions for the material. To a certain extent, this argument is answered by Ely's prior litigation, which found that the FBI has either released all documents responsive to Ely's request, or has claimed exemptions from disclosure. (See End Note 4, supra). Most notably, however, Martell's affidavit establishes that the FBI did in fact claim exemptions for every item of information not released.[6] Ely's first complaint is therefore without merit.

---

**5.** The Court will not address in this order each of Ely's accusations of FBI impropriety because most of those accusations are completely unsupported by any evidence. However, because this Plaintiff is proceeding *pro se*, the Court has endeavored to review all the pleadings and address the most important allegations raised by them.

**6.** Martell's affidavit explains that exemptions were claimed in accordance with the following procedure: Exemptions from material deleted from a partially released page were noted in the margins of each page. Where a complete page, or even an entire document was withheld, an insert sheet was inserted to replace the page or pages deleted. This insert sheet sets forth the

number of pages withheld, cites the specific FOIPA exemptions asserted to withhold the material, and identifies the document. An exception to this system concerns duplicative documents. Documents found to be duplicative with those previously processed for disclosure were not additionally processed. In order to identify such documents, however, an insert sheet was utilized to replace those documents. This insert sheet identified the document and the previously processed document with which it was duplicative. All documents were either released to the Plaintiff or accounted for with an insert sheet.

In addition, two of the file numbers for which Ely asserts exemptions have not been claimed (Springfield files 1–91A–1556 Sub B and 91A–

Ely next contends that the confidential sources deleted from his records were not in fact confidential since they did not ask the FBI to withhold their names and the information they provided. In addition, Ely alleges that these sources were not given express assurances that their names and any data furnished would not be disclosed. This allegation, however, is completely unsupported by competent evidence, and Martell's affidavit establishes the contrary.[7]

Information that would tend to identify confidential FBI sources is covered by 5 U.S.C. § 552(b)(7)(D) which exempts from disclosure:

(7) Investigatory records complied for law enforcement purposes but only to the extent that the production of such records would ... (D) disclose the identity of a confidential source and ... confidential information furnished only by the confidential source.

Ely maintains that the Government failed to make the requisite showing of confidentiality. The Court does not agree.

08621) were set forth in the copy count of Springfield file 91A–8618, serials 6 and 9. Martell's affidavit explains these are "case control files," wherein copies of certain investigative documents are filed for statistical purposes, and are not main case files relating to the Plaintiff. According to Martell, it is not the practice of the FBI FOIPA Section to retrieve and review all file numbers which appear in each released document, since this would require considerable time and would generally reveal only another file copy of the document wherein the file number was originally located.

Ely also contends that file number 91–97813 has been withheld; the FBI had previously stated, however, that it was in a pending status. Martell now states that this file was, in fact, processed and released to Ely in conjunction with his declaration, dated November 9, 1983, in *Ely v. Federal Bureau of Investigation*, Civil Action No. 83–C–605–5 (W.D.Wis.), thereby rendering this objection moot.

Ely also claims that no tapes have been disclosed to him and no exemptions claimed for withholding such material. Transcripts of tape recordings connected with his records were withheld pursuant to exemptions (b)(7)(C) and (b)(7)(D) of the FOIA. According to Martell, actual tape recordings are not generally considered for disclosure when transcripts of the

In *Miller v. Bell*, our circuit noted that Congress enacted subsection (7)(D) for the specific purpose of preserving the personal privacy and confidentiality of police sources. Given that purpose, the Court concluded that "[u]nless there is evidence to the contrary in the record, we believe such promises of confidentiality are inherently implicit in FBI interviews conducted pursuant to a criminal investigation." 661 F.2d at 627. *See also Kimberlin*, 774 F.2d at 208. Under the *Miller* analysis, Ely's failure to provide *any* evidence that the sources deleted from the disclosed documents were anything other than confidential is fatal to his argument. Moreover, there is a realistic possibility that disclosure of this information or the names of the citizens could result in harassment and unwarranted invasions of privacy. Congress clearly intended that this prospect be avoided through the subsection (7)(D) exemption, which the Court finds was properly invoked by the FBI.

Ely finally attacks the sufficiency of Martell's affidavits. As stated previously, the Court believes that the affidavits set forth, in sufficient detail, a logical explanation for each of the claimed exemptions.

tapes exist. In the event actual tapes are released, a fee is charged for each tape. In this case, however, the actual tapes are exempt under (b)(7)(C) and (b)(7)(D) to the extent that disclosure would tend to identify confidential sources of information contained therein.

Finally, Ely alleges that documents pertaining to him which relate to communications between FBI Agents and a Special Agent of the Drug Enforcement Administration (DEA) were withheld. Martell's affidavit states, however, that material regarding contacts between Special Agents of the FBI and the DEA was set forth in FBIHQ file 91–96948, serial 5, which was released to Ely by letter dated August 16, 1983. The name of the Special Agent, however, was withheld pursuant to Exemption (b)(7)(C).

7. Martell's affidavit states that the FBI assures individuals who provide information to the FBI, either expressly or by implication, that their names will be held in confidence, and that any information they provide will be protected, if disclosure would tend to identify the source. To honor such assurances, the names of any confidential sources connected with records pertinent to Ely's request, and any information they provided which would tend to identify them, have been protected from disclosure.

Martell's affidavit of September 14, 1984, explains in coded form the exemptions and justifications for withholding material from disclosure. Although the affidavit is lengthy and fairly complex,[8] that complexity was due in no small part to the breadth of Ely's request and his continued accusations of wrongdoing by the FBI.

The Court concludes that Martell's affidavit meets the *Stein* test for proving the applicability of the FBI's claimed exemptions. Accordingly, Defendant's motion for summary judgment is ALLOWED.

The Clerk is ordered to enter judgment in favor of the Defendant and against the Plaintiff on all counts.

Case CLOSED.

8. Martell's September 14, 1984, affidavit explained in coded form the exemptions and justifications for withholding material from disclosure. Each deletion on any page withheld, in whole or in part, was coded to explain the reason for withholding. A copy of each of the documents released to Plaintiff was made an exhibit to that declaration, and the coded number was placed either in the margin near an excision or on the deleted page sheet if a complete page or document was withheld. This coded number corresponds to a more detailed explanation for each exemption, as set forth in the body of the declaration dated September 14, 1984.