**Eduardo M. BENAVIDES, Plaintiff,**

v.

**DRUG ENFORCEMENT AGENCY,**
**Defendant.**

Civ. A. No. 89–3452.

United States District Court,
District of Columbia.

Aug. 24, 1990.

Eduardo M. Benavides, pro se.

Molly D. Current, Asst. U.S. Atty., Washington, D.C., for Drug Enforcement Agency.

## MEMORANDUM OPINION

SPORKIN, District Judge.

Plaintiff, proceeding *pro se* and *in forma pauperis*, is an inmate at a Federal Correctional Facility in Tennessee Colony, Texas. Pursuant to the Freedom of Information Act (FOIA), 5 U.S.C. § 552 (1977 & Supp.1990), plaintiff made a request to defendant Drug Enforcement Agency (DEA) for records concerning purported "government informants." DEA denied his request. Plaintiff brought an action to compel defendant to release the information he requested, for reasonable attorney fees and costs.

Presently before the Court is defendant's Motion to Dismiss the complaint pursuant to Fed.R.Civ.P. 12(b)(6) or, in the alternative, for Summary Judgment pursuant to Fed.R.Civ.P. 56. Defendant submitted an affidavit, exhibits and a statement of material facts as to which it contends there is no material dispute. Plaintiff has not filed a response to defendant's motions.[1]

### I. *Factual Background*

Plaintiff was convicted of various drug offenses in September, 1975, before the United States District Court for the Western District of Texas. By letter dated July 10, 1989, plaintiff made a FOIA request relating to "any and all information, to include but not limited to all promises and records of payments for information or assistance, in the investigation and prosecution of drug charges against me in Cause SA–75–CR–183, to the following govern-

---

**1.** Prior to the expiration of the time period allowed for the filing of responsive pleadings, plaintiff filed a motion for an extension of time to oppose defendant's motion. This Court granted plaintiff's motion on June 12, 1990, giving plaintiff until June 30, 1990, to file an opposition. Plaintiff failed to file a response within this time period. Instead, on July 5, 1990, he filed another motion for extension of time. This Court again granted plaintiff's motion giving him until August 20, 1990, to respond. On August 17, 1990, plaintiff filed a pleading entitled "Motion to Stay Proceedings" in which plaintiff seeks a stay pending discovery. Because the Court concludes that discovery in this matter would be inappropriate, the Court will address the merits of defendant's motion.

ment informants...." *See* Exhibit A attached to Plaintiff's Complaint. Plaintiff named Hector Perez Rodriguez and Silverio Garcia Meza as the "government informants." In a letter dated July 19, 1989, DEA informed plaintiff that it did not locate any records responsive to his request. *See* Exhibit B attached to Plaintiff's Complaint.

However, DEA did not search its files prior to issuing its response. Upon consultation with William Bordley, a FOIA Attorney Advisor with DEA, DEA was advised that its response to plaintiff was inappropriate. *See* Affidavit of William Bordley in Support of Defendant's Motion ¶ 9. According to Mr. Bordley, DEA should have informed plaintiff that it could neither confirm nor deny the existence of records concerning either alleged informant. *Id.*

Plaintiff submitted an administrative appeal to the Office of Information and Privacy (OIP) by letter dated July 24, 1989, to protest DEA's "denial of information pertaining to government informants." *See* Exhibit C attached to Plaintiff's Complaint. The letter also contested the denial because at plaintiff's criminal trial DEA agents purportedly admitted that a third party was paid to assist in the investigation and prosecution of the drug offenses.

On December 26, 1989, before OIP decided plaintiff's appeal, plaintiff instituted this action. As a result of filing this action, OIP never formally advised plaintiff of the basis for the denial of his FOIA request. Defendant now asserts that the existence of the information sought by plaintiff can "neither be confirmed nor denied."

Since this Court relies on matters outside of the pleadings, defendant's Motion to Dismiss will be treated as a Motion for Summary Judgment under Fed.R.Civ.P. 56.

## II. *Standard for Summary Judgment*

Summary judgment may be granted only "if the pleadings, ... together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). In reviewing a motion for summary judgment the court must consider the pleadings, related documents and evidence in a light most favorable to the non-moving party. *Adickes v. Kress & Co.*, 398 U.S. 144, 157, 90 S.Ct. 1598, 1608, 26 L.Ed.2d 142 (1970). "If the motion for summary judgment is properly supported, the burden shifts to the non-movant to 'set forth specific facts showing that there is a genuine issue for trial.'" *Laningham v. United States Navy*, 813 F.2d 1236, 1241 (D.C.Cir. 1987) (quoting Fed.R.Civ.P. 56(c)). An issue is genuine only if the evidence is such that a reasonable jury could return a verdict for the non-moving party. If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted. *Anderson v. Liberty Lobby*, 477 U.S. 242, 249, 250, 106 S.Ct. 2505, 2510, 2511, 91 L.Ed.2d 202 (1986).

## III. *Discussion*

The purpose of the Freedom of Information Act is to provide for open disclosure of public information. *Baldridge v. Shapiro*, 455 U.S. 345, 352, 102 S.Ct. 1103, 1108, 71 L.Ed.2d 199 (1982). "The Act expressly recognizes, however, that public disclosure is not always in the public interest and consequently provides that agency records may be withheld from disclosure under any one of the nine exemptions defined in 5 U.S.C. § 552(b)." *Id.* at 352, 102 S.Ct. at 1108.

Defendant contends that under the circumstances of this case, where plaintiff requests the informant files of two named third parties, its refusal to confirm or deny the existence of responsive records is appropriate under FOIA. This Court agrees and finds that such a response is supported by both FOIA exemption 7(C) and 7(D). These provisions exempt "records or information compiled for law enforcement purposes, but only to the extent that the production of such records or information (C) could reasonably be expected to constitute an unwarranted invasion of personal privacy, [or] (D) could reasonably be expected to disclose the identity of a confidential source,...." 5 U.S.C. § 552(b)(7)(C) & (D) (Supp.1990).

To withhold information under this exemption the agency must first show that the information was "'compiled for law enforcement purposes.'" *King v. Department of Justice*, 830 F.2d 210, 229 (D.C.Cir. 1987) citing *FBI v. Abramson*, 456 U.S. 615, 622, 102 S.Ct. 2054, 2059, 72 L.Ed.2d 376 (1982) (quoting 5 U.S.C. § 552(b)(7) (1982)). Information gathered by DEA in the investigation and prosecution of plaintiff's drug activity satisfies this requirement. Secondly, the agency must demonstrate that "production would have one of the undesirable effects enumerated by the exemption." *King, supra* at 229 citing *FBI v. Abramson, supra*. Releasing the requested information "could reasonably be expected to constitute an unwarranted invasion of personal privacy, [and it] could reasonably be expected to disclose the identity of a confidential source...." 5 U.S.C. § 552(b)(7)(C) & (D).

Exemption 7(C) is applied by balancing the "privacy interest" against the "public interest in disclosure." *Keys v. Department of Justice*, 830 F.2d 337, 346 (D.C.Cir. 1987) citing *Reporters Committee for Freedom of the Press v. Department of Justice*, 816 F.2d 730, 737 (D.C.Cir.1987), *rev'd on other grounds*, 485 U.S. 1005, 108 S.Ct. 1467, 99 L.Ed.2d 697 (1989). Third parties who provide information to law enforcement officials are protected under exemption 7(C). *King, supra* at 233. In *Department of Justice v. Reporters Committee for Freedom of the Press*, 489 U.S. 749, 109 S.Ct. 1468, 1485, 103 L.Ed.2d 774 (1989), the Court held that a "third party's request for law-enforcement records or information about a private citizen can reasonably be expected to invade that citizen's privacy, and that when the request seeks no 'official information' about a Government agency ..., the invasion of privacy is 'unwarranted.'" This privacy interest outweighs any public interest in the release of the information.

"Courts have recognized that in some instances even acknowledging that certain records are kept would jeopardize the privacy interests that the FOIA exemptions are intended to protect." *Antonelli v. F.B.I.*, 721 F.2d 615, 617 (7th Cir.1983),

*cert. denied*, 467 U.S. 1210, 104 S.Ct. 2399, 81 L.Ed.2d 355 (1984). In such instances, courts permit the agency neither to admit nor deny the existence of requested records. *See Gardels v. CIA*, 689 F.2d 1100, 1103 (D.C.Cir.1982) ("agency may refuse to confirm or deny the existence of records where to answer the FOIA inquiry would cause harm cognizable under an FOIA exception"); *Freeman v. Department of Justice*, No. 86–1073 at 7 [808 F.2d 834 (table)] (4th Cir. December 29, 1986) ("unwarranted invasion of personal privacy" precludes FBI from disclosing whether an alleged informant file exists without first obtaining a release from the subject of the inquiry).

Compliance with plaintiff's request is also likely to "disclose the identity of a confidential source" within the meaning of exemption 7(D). There is an implied assurance made to persons who provide a law enforcement agency with information pertinent to a criminal investigation that such information will not be divulged. "The circuits agree without dissent that courts should find an assurance of confidentiality where it is reasonable to infer from the circumstances that its absence would impair the Bureau's [FBI] ability to elicit the information." *Keys v. Department of Justice, supra* at 345. *See Miller v. Bell*, 661 F.2d 623, 627 (7th Cir.1981) (per curiam), *cert. denied*, 456 U.S. 960, 102 S.Ct. 2035, 72 L.Ed.2d 484 (1982) ("Unless there is evidence to the contrary in the record, we believe such promises of confidentiality are inherently implicit in FBI interviews conducted pursuant to a criminal investigation.").

If DEA denies a request for specific records concerning a third party on the ground that disclosure would reveal a confidential source, this denial may give the requester enough information to expose the subject of the inquiry to harassment and actual danger. *Kimberlin v. Department of Treasury*, 774 F.2d 204, 208 (7th Cir.1985). Disclosure by DEA of investigations and sources of information would hinder the agency's operations, discourage persons from assisting DEA, and possibly

subject its sources to embarrassment, harassment, or retaliatory measures. *See Freeman v. Department of Justice,* Civ. No. 85-0958-A, slip op. at 7 (E.D.Va. March 12, 1986), *aff'd,* 808 F.2d 834 (4th Cir.1986).

Plaintiff complains that DEA "continues to arbitrarily and capriciously withhold records sought." *See* Plaintiff's Original Petition ¶ 9. However, DEA does not have a blanket exemption to deny any request made under FOIA. "The agency still must meet its threshold burden of showing why the requested information is exempt from disclosure." *Antonelli v. F.B.I., supra* at 619. DEA's original response to plaintiff that there were no records responsive to his request was due to an administrative error. This response was not sufficient to satisfy DEA's initial burden. In a letter to OIP regarding the FOIA appeal dated July 24, 1989, plaintiff stated that during his trial an agent of DEA admitted that money was paid to an alleged informant for information adverse to plaintiff. *See* Exhibit C. Upon reconsidering plaintiff's request in light of this information, DEA determined that the proper response to plaintiff's request is that it can neither confirm nor deny the existence of records responsive to plaintiff's FOIA request. *See* Bordley Affidavit ¶ 9. Under these circumstances, the Bordley affidavit satisfies DEA's burden.

Plaintiff did not demonstrate any genuine public interest to be balanced against the privacy interests protected by the FOIA exemptions. *See Brown v. FBI,* 658 F.2d 71, 75 (2d Cir.1981) ("Plaintiff states in his brief that he is pursuing this litigation hoping to obtain evidence sufficient to mount a collateral attack on his kidnapping conviction.... The court, however, cannot allow the plaintiff's personal interest to enter into the weighing or balancing process."). Requiring DEA to process requests such as those made by plaintiff would jeopardize the privacy and investigatory interests that the FOIA exemptions are designed to protect. FOIA does not offer plaintiff the relief he seeks.

Because there is no issue as to any material fact, defendant is entitled to summary judgment as a matter of law.