**David ELY, Plaintiff,**

v.

**DEPARTMENT OF JUSTICE, Office of U.S. Attorneys, Elizabeth Stein, and Norman Lerum, Defendants.**

**No. 84 C 9041.**

United States District Court,
N.D. Illinois, E.D.

June 6, 1985.

Robert K. Mayer, pro bono, Chicago, Ill., for plaintiff.

Michael S. O'Connell, Asst. U.S. Atty., for Dept. of Justice and Elizabeth Stein.

Paul E. Freehling, Chicago, Ill., for Norman Lerum.

## MEMORANDUM OPINION

## MOTION TO DISMISS AND/OR FOR SUMMARY JUDGMENT

MAROVITZ, Senior District Judge.

Plaintiff David Ely brings this action for damages pursuant to the Privacy Act of 1974 (the Act), 5 U.S.C. § 552a against defendant The Department of Justice, The Office of the United States Attorney, Elizabeth Stein, and Norman Lerum, complaining that Stein disclosed certain records that the FBI had maintained on him to Lerum, Ely's court appointed attorney in a separate civil rights action that Ely was then pursuing against various federal defendants. Presently pending before the Court are all of the defendants' motions to dismiss and/or for summary judgment. After full review of the pleadings, memoranda, affidavits and other materials filed with the Court, the Court disposes of the motions as follows.

In order to fully understand the posture of the case, some background information about Ely and his past and current litigation is necessary. Ely is a federal prisoner currently incarcerated at the Federal Correctional Facility in Oxford, Wisconsin where he is serving two consecutive 15 year terms for conspiracy to distribute cocaine and distribution of cocaine. His sentence was imposed after he pled guilty to three counts of a seven count indictment for narcotics laws violations (Ely I).

Ely had previously been the subject of an investigation by the FBI regarding an attempted bank robbery for which he was arrested on August 20, 1982 near Peoria, Illinois. Pursuant to Ely's plea agreement in Ely I, the government agreed to drop the charges of attempted bank robbery against him. *U.S. v. Ely*, 719 F.2d 902, 904 (7th Cir.1983). Ely then filed a *pro se* civil action in the Northern District of Illinois alleging numerous violations of his constitutional and civil rights by federal officers and private individuals in connection with the investigation and his arrest. That case, (Ely II) was assigned to Judge Leighton who appointed Norman Lerum to represent Ely. Assistant U.S. Attorney Elizabeth Stein was assigned to represent all of the federal defendants in Ely II.

During the course of the proceedings in Ely II, Lerum, upon Ely's request, attempted to issue certain subpoenas directed to some of the federal defendants. Stein moved to quash the subpoenas for failure to comply with 28 C.F.R. § 1621, *et seq.*, which sets forth the procedures to be followed with respect to the production or disclosure of any material contained in the Department of Justice files, and Judge Leighton granted the motion. Stein also moved to transfer the action to the Central District of Illinois. This motion was taken under advisement by Judge Leighton. Prior to the court's decision on the motion to transfer, Stein gave Lerum certain documents that Ely had already obtained from the FBI through the Freedom of Information Act. It is undisputed that the materials that Stein gave to Lerum contained some of the documents Lerum had attempted to subpoena on behalf of Ely. Why Ely wanted to subpoena documents already in his possession is unclear. Subsequently, Ely requested that Lerum withdraw as his counsel and Lerum moved to do so. On July 27, 1984, Judge Leighton granted Lerum's motion to withdraw, refused to appoint a different attorney to represent Lerum stating his reasons for the refusal, and granted Stein's motion to transfer venue.

On September 18, 1984, Ely filed a *pro se* civil action in this Court, *Ely v. Hegarty*, No. 84 C 8070 (Ely III) charging that Stein, Lerum, and Edward Hegarty, Special Agent in Charge, Chicago Field Office, FBI, engaged in a conspiracy to violate his constitutional rights. He also charged Lerum with legal malpractice. One month later, October 18, 1984, Ely filed this action (Ely IV) charging Lerum, Stein, and the Department of Justice with having violated certain provisions of the Privacy Act when Stein gave the documents to Lerum during the course of Ely II.

All of the defendants in this action originally filed a motion to dismiss and/or for summary judgment. The Court then ap-

pointed Robert K. Mayer to represent Ely. Affidavits and other evidentiary material were filed in support of the motions for summary judgment.

The gist of Ely's complaint is that Stein violated 5 U.S.C. § 552a(b) by giving the documents concerning Ely to Lerum without first obtaining Ely's written consent. According to the complaint, Ely alleges that Stein gave the documents to Lerum to "create, foster, and garner ill thoughts and dislikes between Plaintiff and Lerum for the purpose of prejudicing Lerum against Plaintiff." Complaint ¶ 9. The complaint also alleges that the Department of Justice failed to comply with the provisions of 5 U.S.C. § 552a(b)(7) by disclosing information concerning him to another agency, *i.e.*, the U.S. Attorney's office without the head of the agency making a request in writing and stating what the disclosure was to be for, and that Stein, the Department of Justice, and the Office of the U.S. Attorney failed to comply with the provisions of 5 U.S.C. §§ 552a(c)(1)(A), (B) and (c)(2), (3) by not properly accounting for the disclosures as required by those sections of the Act. Finally, the complaint alleges that the Department of Justice and the Office of the U.S. Attorney failed to comply with 5 U.S.C. § 552a(e)(10) by not establishing the required safeguards to insure the confidentiality of plaintiff's records, and that Stein, Lerum, and the Department of Justice and Office of the U.S. Attorney all conspired to violate the aforementioned provisions of the Privacy Act.

■ The Privacy Act of 1974 serves to safeguard the public interest in informational privacy by delineating the duties and responsibilities of federal agencies that collect, store, and disseminate personal information about many individuals. *Doe v. United States Civil Service Commission,* 483 F.Supp. 539 (S.D.N.Y.1980). The Act limits the kind of information that can be collected or disclosed and imposes a standard of quality and diligence on the maintenance of government records. Individuals can obtain access to agency records that pertain to them and can seek amendments to records thought to contain erroneous information. *Id.*

■ The Act itself sets forth remedies for violations of its provisions. A civil damage action may be brought solely against an "agency." 5 U.S.C. § 552a(g)(1). As the Seventh Circuit recently held "[t]he Privacy Act authorizes private civil actions for violations of its provisions only against an agency, not against *any individual.* " *Brown-Bey v. United States,* 720 F.2d 467, 469 (7th Cir. 1983) (emphasis added); *Windsor v. The Tennessean,* 719 F.2d 155 (6th Cir.1983). Accordingly, all claims against Stein and Lerum must be dismissed.

■ The Department of Justice and the Office of the U.S. Attorney have moved for summary judgment upon the "routine use" exception contained in 5 U.S.C. § 552a(b)(3). Section (b) of the Act prohibits unconsented disclosures of information concerning an individual unless the circumstances attendant the disclosure place it within one of Section (b)'s exceptions. One such exception is the routine use exception. Routine use is defined as a "use of such record for a purpose which is compatible with the purpose for which it is collected." 5 U.S.C. § 552a(a)(7). That exception allows an agency to make unconsented to disclosures provided the use to which the disclosed information is to be put is one which has previously published in the Federal Register. *Zeller v. United States,* 467 F.Supp. 487, 503 (E.D.N.Y.1979). 5 U.S.C. § 552a(e)(4)(D).

■ Since February 4, 1983, the Department of Justice has published guidelines outlining what it considered to be a "routine use." *E.g.* 48 Fed.Reg. 5381 (Feb. 4, 1983). Pursuant to this publication, "a record relating to a case or matter may be disseminated to an actual or potential party or his attorney for the purpose of negotiation or discussion on such matters as settlement of the case or matter or informal discovery proceedings." 48 Fed.Reg. 5382 (Feb. 4, 1983). In support of the motion, the defendants have provided the Court

with Stein's affidavit stating that as part of her representation of the defendants in *Ely v. Hersley,* (Ely II) she presented Lerum with a copy of the documents that the FBI had previously released to Ely pursuant to the FOIA. Also provided to the Court is a copy of the transcripts of certain hearings before Judge Leighton in Ely II in which Stein informs Judge Leighton that she had provided to Lerum "as a courtesy a copy of the FOIA," the documents that were released under the Freedom of Information Act ... to Mr. Ely.... (Government Exhibit No. (e)). A review of the transcript clearly reveals that the documents were given to Lerum to help him oppose the motion to transfer venue.

In opposition to the motion for summary judgment, Ely has failed to present any evidentiary material either by way of deposition, affidavit or as otherwise provided in Rule 56 of the Federal Rules of Civil Procedure, choosing instead to merely restate his allegation that the disclosure was made to garner ill thoughts and dislikes between him and Lerum. Ely's submissions are clearly inadequate under the Federal Rules. "When a motion for summary judgment is made and supported as provided in this Rule, an adverse party may not rest upon the mere allegations or denials of his pleadings, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial." Fed.R.Civ.P. 56(e). Having failed to bring forth a genuine issue, summary judgment must be granted to defendants on Ely's claim that Stein's disclosure of the documents to Lerum violated the Privacy Act.

Having determined that the disclosure of the FOIA documents to Lerum did not violate Section (b) of the Act, all that remains are Ely's allegations that the Department of Justice and Office of the U.S. Attorney violated Section (c) of the Act by not properly accounting for the disclosure and Section (e) by not establishing appropriate safeguards to insure the security of his records.

The Act provides that in order to avail oneself of the civil remedies afforded by it, the lack of compliance with the Act must result in some adversity to the claimant. 5 U.S.C. §§ 552a(g)(1)(C), (D); *Fagot v. FDIC,* 584 F.Supp. 1168 (D.C.P.R.1984). Additionally, there must be a causal relationship between the adversity and the agency's violation of the Act. *Id., Edison v. Department of the Army,* 672 F.2d 840, 843 (11th Cir.1982).

■ The only adverse effect alleged by Ely is the fact that Lerum withdrew as his attorney. However, this, according to Ely, was a direct result of Stein's disclosure to Lerum of the documents. This disclosure the Court has already determined to fall within the routine use exception and therefore did not violate the Act. Ely has made no allegation that any of the information contained in those documents was incorrect, thus it is impossible for the alleged failure to properly account for the disclosure or the alleged failure to properly safeguard his records to have caused the alleged adverse effect. It was the disclosure that Ely alleges to have caused Lerum to garner ill thoughts about him, not the Department's failure to properly record or account for the disclosure. Thus, since Ely has not alleged to have suffered any adverse effect caused by the alleged improper safeguarding and accounting, his claims under Section (c) and (e) of the Act fail to state a cause of action and are hereby dismissed.

In summation, the Court concludes that: 1) Stein and Lerum are not amenable to suit under the Privacy Act and thus are dismissed from the action; 2) Stein's disclosure of the documents to Lerum during the course of her representation of the federal defendants in Ely II falls within the "routine use" exception and thus did not violate the Act. Therefore, summary judgment is granted to the Department of Justice and the U.S. Attorney's Office on Ely's claim that the disclosures violated the Act; 3) Ely's claim that the Department of Justice and U.S. Attorney's Office violated Sections (c) and (e) of the Act by failing to

properly account for the disclosure and properly maintain their records fails to state a claim since the adversity alleged could not possibly have been caused by the alleged violations. The claims are therefore dismissed. This entire action is hereby dismissed with prejudice.