Donalene BRADY, Plaintiff
and Appellant,

v.

STATE of Utah, State Tax Commission,
Driver License Division, Dave Sundin,
Thomas Jewkes, H. Leroy Fox, and John
and Jane Does 1–50, Defendants and Ap-
pellees.

No. 940229.

Supreme Court of Utah.

May 9, 1995.

Donalene Brady, Washington, pro se.

Jan Graham, Atty. Gen., Barbara E.
Ochoa, Elizabeth King, Asst. Attys. Gen.,
Salt Lake City, for defendants.

RUSSON, Justice:

Donalene Brady appeals the district court's order dismissing her complaint for failure to state a claim upon which relief can be granted pursuant to Utah Rule of Civil Procedure 12(b)(6). We affirm.

On January 25, 1993, Brady sought renewal of her driver's license at the Driver License Division (the Division) office in St. George, Utah. She was informed that Utah Code Ann. § 41–2–121 (Supp.1992) required her to provide her social security number to renew her license. She refused to do so, stating, "It is a violation of my privacy." Because of Brady's refusal to provide her social security number, the Division did not renew her license.

Brady subsequently filed a complaint in district court, asserting that the Division's refusal to renew her license on this basis constituted a violation of her rights under the Privacy Act of 1974, Pub.L. No. 93–579, § 7, 88 Stat. 1909 (1974). The Division responded by filing a rule 12(b)(6) motion arguing that 42 U.S.C. § 405 specifically permits states to require social security numbers when issuing driver's licenses. The district court granted the Division's motion. Brady appeals.

The chronology of the statutes at issue is determinative of the outcome of this case. In 1974, Congress passed the federal Privacy Act, which provided:

> (a)(1) It shall be unlawful for any Federal, State or local government agency to deny to any individual any right, benefit, or privilege provided by law because of such individual's refusal to disclose his social security account number.

Privacy Act of 1974, Pub.L. No. 93–579, § 7, 88 Stat. 1909 (1974).

However, in 1976, 42 U.S.C. § 405(c)(2)(C) was enacted, which altered the federal Privacy Act by providing that states could require individuals to disclose their social security numbers to obtain driver's licenses. That section specifically states:

> It is the policy of the United States that any State (or political subdivision thereof) may, in the administration of any tax, general public assistance, driver's license, or motor vehicle registration law within its

jurisdiction, utilize the social security account numbers issued by the Secretary for the purpose of establishing the identification of individuals affected by such law, and may require any individual who is or appears to be so affected to furnish to such State (or political subdivision thereof) or any agency thereof having administrative responsibility for the law involved, the social security account number (or numbers, if he has more than one such number) issued to him by the Secretary.

42 U.S.C. § 405(c)(2)(C)(i).

In 1989, Utah enacted the version of Utah Code Ann. § 41–2–121 which was in effect at the time of the incident in question.[1] It provided in pertinent part:

(2)(a) Every license certificate *shall* bear:

(i) the Social Security number and any distinguishing number assigned to the licensee by the division[.]

Utah Code Ann. § 41–2–121 (Supp.1992) (emphasis added).

Brady subsequently applied for a driver's license in January 1993. Accordingly, because at the time that Brady applied for the license federal law permitted states to require social security numbers, and Utah did so require, the Division was within the law in requiring Brady to provide her social security number to renew her driver's license.

The district court's order is affirmed.

ZIMMERMAN, C.J., STEWART, Associate C.J., and HOWE and DURHAM, JJ., concur.

---

**1.** Utah Code Ann. § 41–2–121 has since been renumbered and revised to provide, "After May 3, 1993, a new license certificate issued by the division *may* bear the social security number of the licensee *only at the request of the licensee.*" Utah Code Ann. § 53–3–207(2)(b) (emphasis added).