**Barry K. HERSHEY, Appellant,**

v.

**COMMONWEALTH of Pennsylvania, DEPARTMENT OF TRANSPORTATION, BUREAU OF DRIVER LICENSING.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Oct. 6, 1995.

Decided Jan. 3, 1996.

Barry K. Hershey, appellant, for himself.

---

Timothy P. Wile, Assistant Counsel In-Charge Appellant Section, for appellee.

Before PELLEGRINI and NEWMAN, JJ., and KELTON, Senior Judge.

KELTON, Senior Judge.

Barry K. Hershey (Applicant) appeals from the March 22, 1995 order of the Court of Common Pleas for the 39th Judicial District—Franklin County Branch (trial court) which dismissed his appeal from the cancellation of his driver's license. We affirm.

### Issue

The unique issue before us on appeal is whether the Department of Transportation (Department) may cancel an applicant's driver's license for failure to provide his social security number on the license camera card the Department issued to him. Applicant claims that he was not required to furnish the number because he unilaterally "rescinded" his social security number with an affidavit he sent to the Secretary of the United States Treasury.

### Facts

In February 1993, Applicant submitted a driver's license renewal application to the Department. As required under Section 1510(a) of the Vehicle Code, 75 Pa.C.S. § 1510(a), the renewal form has a space for the applicant to provide his or her social security number. Applicant stated that he did not put his social security number on the application. The Department returned his renewal application, informing him that it could not be processed due to the lack of a social security number. Applicant responded that he did not have a social security number. The Department issued a camera card by mistake and, in the space on the card for the licensee's social security, the word "refused" was written by either Applicant or a Department employee. When the Department became aware that it had mistakenly issued a camera card to Applicant, it cancelled his driver's license pursuant to 75 Pa.C.S. § 1572(a)(1)(ii).[1]

Applicant filed a statutory appeal from the cancellation with the trial court. At the *de novo* hearing, Applicant testified that he had sent Nicholas F. Brady, Secretary of the United States Treasury, a six-page affidavit whereby he claimed to be changing his status to a "free sovereign individual citizen" and to be revoking and rendering null and void his social security number. Applicant testified that he had no response from Secretary Brady regarding his affidavit. Applicant stated that he did not contact the Social Security Administration regarding his recision of his social security number because such contact may have exposed him to "other things." (N.T. at 25.)

Applicant contended before the trial court that the alternate provision set forth in 75 Pa.C.S. § 1510(f), which allows an individual without a social security number to obtain a driver's license upon submission of a Federal Government waiver, was inapplicable to him because the federal government has no waiver as referred to in that section. Further, Applicant claimed it was his God-given right not to have a social security number.

In a well-considered opinion, the Honorable Douglas W. Herman, for the trial court, dismissed Applicant's statutory appeal. In doing so, the court stated that a person's belief that he lacks a social security number is not relevant under Section 1510(f). Judge Herman found that a licensee is required to obtain written documentation from the federal government showing that the government does not maintain a number or account in the individual's name. The individual's statement that he no longer has a social security number is not enough. Therefore, the trial court found that Applicant did not show that he was unable to comply with the provisions of the Vehicle Code and that his noncompliance compelled a finding that the Department's cancellation of his license was appro-

---

1. Section 1572 of the Vehicle Code provides, in pertinent part, as follows:

    *(1) The department may cancel any driver's license upon determining that one of the following applies:*

    . . . .

    (ii) The person failed to give the required information or committed fraud in making the application or in obtaining the license.
    75 Pa.C.S. § 1572.

priate. Applicant appealed the trial court's order to this Court.[2]

### Discussion

Section 1510 provides, in pertinent part, as follows:

(a) General rule.—... Except as provided in subsection (f), an applicant shall include his Social Security number on his license application, but the Social Security number shall not be included on the license....

. . . .

(f) Waiver.—Notwithstanding the provisions of subsection (a), the department shall issue a driver's license to an otherwise eligible person who has no Social Security number if the person submits a waiver obtained from the Federal Government permitting him not to have a Social Security number. The department may require other identifiers, including but not limited to, a taxpayer identification number, before issuing the license.

75 Pa.C.S. § 1510(a) & (f).

Applicant attacks the validity of Section 1510(f) because it does not provide for his situation. He claims that because he no longer has a social security number, he cannot provide one as required. He further argues that he cannot obtain a "waiver" from the federal government because no such waiver exists and, if one does exist, Section 1510(f) does not inform the public from which federal agency it may obtain such a waiver. Applicant further argues that Section 1510(f) requires that a person without a social security number not only present a waiver, but also a tax identification number. He claims that not everyone is a taxpayer. Further, the taxpayer identification number is a social security number. In essence, Applicant argues that the law does not provide for those individuals who, like himself, do not have, or are not required to have, social security numbers or taxpayer identification numbers.[3]

■ It is clear that, for whatever reasons, Applicant has failed to comply with the requirements of Section 1510(a) and (f). Despite his strenuous arguments to the contrary, Applicant *does* have a social security number. He failed to produce any documentation from the Department of the Treasury or the Social Security Administration indicating that his social security number had been rescinded.

The Department is authorized by the federal government to require a social security number as a means of identification in issuing driver's licenses. *See* 42 U.S.C. § 405(c)(2)(C)(i).[4] Therefore, if Applicant was issued a social security number and that number was not revoked by the Social Secu-

---

2. Our scope of review of the trial court's decision is limited to determining whether necessary findings made by the trial court are unsupported by competent evidence and the whether the trial court committed an error of law or abused its discretion. *Department of Transportation, Bureau of Driver Licensing v. Ingram*, 538 Pa. 236, 648 A.2d 285 (1994).

3. The basis of Applicant's arguments is his belief that he is not required to have a social security number because the social security program is a voluntary insurance program. He contends that he never voluntarily applied for a social security number and that his father applied for and obtained a social security number for him when he was a minor. He has since rescinded that number. Further, Applicant claims not to have a taxpayer identification number because the income tax system is also a voluntary program and he has decided not to participate in it. His arguments regarding the federal requirements of a social security number and his participation in the federal tax system, however, are beyond the jurisdiction of this Court. We will not be drawn into a discussion of these issues. The sole issue before us is whether he complied with the applicable provisions of the Vehicle Code in applying for a renewal of his driver's license.

4. We note that in a recent *en banc* decision by this court, we denied access to a public agency's payroll records by a newspaper because those records contained, among other things, social security numbers. *Tribune–Review Publishing Co. v. Allegheny County Housing Authority*, 662 A.2d 677 (Pa.Cmwlth.1995). We held that social security numbers are protected from public *dissemination* under the Privacy Act, Privacy Act of 1974, Act of December 31, 1976, P.L. 93–579 § 2, Title V, § 552a note, 88 Stat. 1897. This holding does not prohibit states from requiring social security numbers to be furnished by vehicle operators for identification purposes as authorized by 42 U.S.C. § 405(c)(2)(C)(i). Further, Section 1510(a) specifically protects driver license applicants' privacy by providing that the social security number shall not be included on the license itself.

rity Administration for any reason, he is required to obey the statute which requires that he provide the number when applying for a renewal of his driver's license.

Applicant admits that he was issued a social security number and he has not presented any evidence that that number has been revoked by any agency of the Federal government. Therefore, he *has* a social security number for purposes of Section 1510(a) and is required to provide it when applying for renewal of his driver's license. Failure to do so is grounds for the Department to reject the application or, as in this case, cancel the driver's license.

■ Applicant's argument that he is unable to obtain the "waiver" mentioned in Section 1510(f) is irrelevant because that section does not pertain to him. He is not entitled to any kind of "waiver," whether such a document exists or not, because he has a social security number.

In Pennsylvania, the ability of an individual to operate a motor vehicle upon a public highway is a privilege and not a contract, property or constitutional right. 75 Pa.C.S. § 102. This privilege is contingent upon terms and conditions imposed by the legislature. Section 1510(a) imposes conditions upon the issuance of a driver's license, including the submission of one's social security number as a means of identification. Applicant failed to meet this mandatory condition. Therefore, the Department was within its authority to cancel his driver's license.

### *Conclusion*

We must conclude that substantial evidence exists to support the trial court's findings that Applicant does have a social security number and that he failed to provide it in contravention of Section 1510(a). Therefore, the trial court did not commit an error of law in determining that the Department was within its authority to cancel Applicant's driver's license.

For the reasons stated above, we affirm the order of the trial court.

### ORDER

**AND NOW,** this 3rd day of January, 1996, the order of the Court of Common Pleas for the 39th Judicial District—Franklin County Branch, Civil Division, at Mis. Col. BB, Page 121, dated March 22, 1995 is hereby affirmed.

This decision was reached before the resignation of Judge NEWMAN.