Opinion
 

 NOTT, J.
 

 The central questions presented here are (1) whether the Department of Motor Vehicles (DMV) can require applicants for drivers’ licenses
 
 *1532
 
 to obtain and disclose their Social Security numbers (SSN’s) under Vehicle Code section 12800 and (2) whether respondents have standing to challenge Vehicle Code section 1653.5, subdivision (f)(1), (2), and (3) regarding the disclosure of SSN’s by the DMV to other government agencies.
 

 Appellant DMV appeals from a judgment of the trial court granting a petition by respondents Takoa Nowlin, Athena Nowlin (by and through her guardian ad litem Rosarme Nowlin) and Eric Jones (by and through his guardian ad litem Steven Jones) for writ of mandate pursuant to Code of Civil Procedure section 1085. The trial court held that the DMV is prohibited from (1) requiring SSN’s to be disclosed by applicants for new and renewal drivers’ licenses and (2) disclosing that information to other state agencies.
 

 We reverse.
 

 Contentions
 

 Appellant contends that: (1) the DMV needs SSN’s to ensure that penalties and fines imposed for violations of the Vehicle Code are paid, and therefore securing such data is permissible; (2) disclosure of SSN’s by the DMV is authorized by the Information Practices Act of 1977 and the Vehicle Code; and (3) the requirement that an SSN be provided on DMV applications does not violate the supremacy clause of the United States Constitution.
 

 Respondents contend that: (1) SSN’s are personal information which are protected from disclosure pursuant to Civil Code section 1798; (2) the DMV’s use of SSN’s goes beyond the purposes for which an SSN can be used as set forth in 42 United States Code section 405(c)(2)(C)(i), (ii) and (iii); and (3) the Federal Privacy Act of 1974, section 7(a)(1) prohibits the acquisition of SSN’s and no exception exists under 42 United States Code section 405(c)(2)(C)(i), (ii) and (iii).
 

 Facts and Procedural Background
 

 Respondents Takoa Nowlin, Athena Nowlin and Eric Jones, by administrative writ of mandate, requested the trial court to enjoin the DMV from (1) refusing to accept respondents’ applications for noncommercial drivers’ licenses, identification cards, or name changes and (2) refusing to issue a driver’s license to respondents. Respondents alleged that they do not possess and have never possessed SSN’s. Respondents Athena Nowlin and Jones are minors.
 

 
 *1533
 
 The trial court granted respondents’ petition finding that (1) an SSN is “personal information” protected under article I, section 1 of the California Constitution; (2) state agencies may only collect and retain personal information necessary to accomplish the agency’s specific purpose under Civil Code section 1798.14; (3) while Vehicle Code section 1653.5, subdivision (f)
 
 [1]
 
 allows limited disclosure of SSN’s and Civil Code section 1798.24 allows disclosure of “personal information” to respondent, these sections refer only to disclosure of already obtained and maintained SSN’s; and (4) Civil Code section 1798.14 permits maintenance of personal information “necessary to accomplish a purpose of the agency,” and there is no showing that maintenance of SSN’s is necessary to accomplish any purpose of the DMV.
 

 This appeal followed.
 

 Discussion
 

 1.
 
 Standard of Review.
 

 Statutory interpretation is a question of law, which appellate courts review de novo.
 
 (California Teachers Assn.
 
 v.
 
 San Diego Community College Dist.
 
 (1981) 28 Cal.3d 692, 699 [170 Cal.Rptr. 817, 621 P.2d 856].)
 

 2.
 
 The Impact of the Trial Court Realignment and Efficiency Act on the Vehicle Code.
 

 “Effective January 1, 1992, the Trial Court Realignment and Efficiency Act (the Act) requires the controller to offset amounts overdue and unpaid to counties for fines, bail or vehicle parking penalties from tax refunds and California State Lottery winnings. (Legis. Counsel’s Dig., Assem. Bill No. 1297 (1991-1992 Reg. Sess.)[.)] Among other things, the Act amended sections 4150, 4150.2, 12800, 22651, 22651.7, 40610 and 42007 of the Vehicle Code[] and added sections 4760.1, 12808.1, 40512.6, 40611 and 42008 thereto. Sections 4150, subdivision (a), 4150.2, subdivision (a) and 12800 require, in relevant part, that applications for original and renewal vehicle registrations and drivers’ licenses contain the applicant’s SSN. Other added and amended sections establish a system for collecting outstanding court fines and withholding vehicle licenses and registrations when such fines have not been paid. [¶ Also effective January 1, 1992, the Legislature enacted section 1653.5 which provided, inter alia, that all forms prescribed by the DMV for use by applicants for the issuance or renewal of drivers’ licenses, ID cards and vehicle registrations must contain a section for the
 
 *1534
 
 applicant’s SSN. It has since been amended, effective January 1, 1995, to provide that applications for vehicle registration documents only, shall contain a section for the applicant’s driver’s license or ID card number; SSN’s are still required for drivers’ licenses and ID cards. The statute provides that the SSN’s are not public records and may not be disclosed except for ‘(f)(1) Responding to a request for information from an agency operating pursuant to, and carrying out the provisions of, Part A (Aid to Families with Dependent Children), or Part D (Child Support and Establishment of Paternity), of Subchapter IV of Chapter 7 of Title 42 of the United States Code. [¶ (2) Implementation of Section 12419.10 of the Government Code [offset of fines, bails and parking penalties from tax refunds and lottery winnings]. [¶ (3) Responding to information requests from the Franchise Tax Board for the purpose of tax administration.’ ”
 
 (Lauderbach
 
 v.
 
 Zolin
 
 (1995) 35 Cal.App.4th 578, 581 [41 Cal.Rptr.2d 434].)
 

 3.
 
 Whether the DMV Can Require Applicants for New and Renewal Drivers’ Licenses to Obtain and Disclose SSN’s to the DMV.
 

 Section 7 of the Privacy Act of 1974 provides: “(a)(1) It shall be unlawful for any Federal, State or local government agency to deny any individual any right, benefit, or privilege provided by law because of such individual’s refusal to disclose his social security account number.” (5 U.S.C. § 552a note; Privacy Act of 1974, Pub.L. No. 93-579, § 7, 88 Stat. 1909 (1974).)
 

 In 1976, title 42 United States Code section 405(c)(2)(C)(i) was enacted. That statute has been described as an exception or an alteration to the Privacy Act of 1974 because it permits states to require persons to provide SSN’s for tax, general public assistance, drivers’ licenses and motor vehicle registration.
 
 (Lauderbach
 
 v.
 
 Zolin, supra,
 
 35 Cal.App.4th at p. 585;
 
 Brady
 
 v.
 
 Utah
 
 (Utah 1995) 894 P.2d 1269.) 42 United States Code section 405(c)(2)(C)(i) provides: “It is the policy of the United States that any State (or political subdivision thereof) may, in the administration of any tax, general public assistance, driver’s license or motor vehicle registration law within its jurisdiction, utilize the [SSN’s] issued by the Commissioner of Social Security for the purpose of establishing the identification of individuals affected by such law, and may require any individual who is or appears to be so affected to furnish to such State (or political subdivision thereof) or any agency thereof having administrative responsibility for the law involved, the [SSN’s] (or numbers, if he has more than one such number) issued to him by the Commissioner of Social Security.”
 

 In
 
 Lauderbach
 
 v.
 
 Zolin, supra,
 
 35 Cal.App.4th at page 585, the First District recently held that “. . . the DMV is not only authorized, but
 
 *1535
 
 obligated to require applicants for original and renewal drivers’ licenses, ID cards and vehicle registrations to supply their [SSN’s]....’’ The court also concluded: “[P]ersons whose presence in the United States is not authorized by federal law are not entitled to such documents; and . . . any persons whose presence in the United States is authorized by federal law, but who are ineligible for [SSN’s] are entitled to such documents if otherwise eligible therefor.”
 
 (Ibid.)
 
 Relying on the exception of 42 United States Code section 405(c)(2)(C)(i), the court found that the Social Security requirement did not violate the federal Privacy Act (5 U.S.C. § 552a). The court also found that “[t]he SSN requirement was designed to supplement existing, available biographical data about applicants for identification purposes only. Nothing in the remaining statutory scheme or its legislative history suggests that the SSN requirement was intended to establish new eligibility criteria.” (35 Cal.App.4th at p. 584.)
 

 Our research has revealed that other states are in accord with
 
 Lauderbach
 
 v.
 
 Zolin.
 
 In
 
 Brady
 
 v.
 
 Utah, supra,
 
 894 P.2d 1269, the plaintiff sought renewal of her driver’s license, but refused to provide her SSN as required by Utah Code Annotated section 41-2-121. Upon the agency’s refusal to renew her license, plaintiff filed a complaint alleging that the failure to renew violated her rights under the federal Privacy Act. The
 
 Brady
 
 court held that 42 United States Code section 405(c)(2)(C) altered the federal Privacy Act by providing that states could require disclosure of SSN’s to obtain drivers’ licenses. The court in
 
 Hershey
 
 v.
 
 Com., Dept, of Transp.
 
 (Pa. Commw. Ct. 1996) 669 A.2d 517 held that the Department of Transportation is authorized under 42 United States Code section 405(c)(2)(C) to require an SSN as a means of identification in issuing drivers’ licenses. In that case, the plaintiff alleged that he had “rescinded” his SSN, but produced no evidence showing that the number had been revoked. In
 
 Penner
 
 v.
 
 King
 
 (Mo. 1985) 695 S.W.2d 887, plaintiffs refused to disclose their SSN’s in applying for their drivers’ licenses because they alleged the disclosure violated federal statutes, infringed upon their constitutional right of privacy, and infringed upon their religious freedom.
 
 (Id.,
 
 at p. 888.) The court upheld the SSN requirement on the basis that the SSN is an important means of identification and method of avoiding fraud, as well as integral in locating interstate driving records.
 
 (Id.,
 
 at p. 890.) Therefore, the court held, the regulation is the least restrictive means of achieving a compelling state interest and justified infringement on the plaintiffs’ religious beliefs. The court found that the state’s right to maintain an accurate roster of those authorized to operate motor vehicles justified any privacy intrusion imposed on the plaintiffs.
 
 (Id.,
 
 at p. 891.) The court also relied on 42 United States Code section 405(c)(2)(C) to hold that the state statute requiring SSN’s was valid. (695 S.W.2d at p. 892.) In
 
 State
 
 v.
 
 Loudon
 
 (Tenn.Crim.App. 1993) 857 S.W.2d 878, the court expressly
 
 *1536
 
 followed
 
 Penner
 
 v.
 
 King, supra,
 
 695 S.W.2d 887 in holding that the Tennessee statute requiring applicants for new or renewal drivers’ licenses to furnish his or her SSN was constitutional. (857 S.W.2d at p. 882.)
 

 Respondents here urge that the requirement of SSN’s in driver’s license applications intrudes upon their right to privacy. They claim that the Privacy Act of 1974 section 7(a)(1) precludes collection of SSN’s and that 42 United States Code section 405(c)(2)(C)(i) does not apply. We reject respondents’ contentions. As the foregoing authorities make clear, under 42 United States Code section 405(c)(2)(C), the DMV may require applicants for new and renewal drivers’ licenses to provide SSN’s.
 

 Lauderbach
 
 v.
 
 Zolin, supra,
 
 35 Cal.App.4th at page 582 supports our further finding that since the DMV requires applicants to disclose SSNs on their applications, by inference, the DMV may therefore require those who do not have SSN’s to obtain them.
 
 Lauderbach
 
 held that aliens ineligible to obtain SSN’s because of their immigrant status may be denied drivers’ licenses. That is, obtaining an SSN is a proper prerequisite to obtaining a driver’s license.
 

 Respondents also contend that they have been denied the right to obtain a license without an administrative hearing; that the retrieval, collection and dissemination of SSN’s constitute an unlawful search or seizure under the Fourth Amendment to the United States Constitution; and that the SSN requirement infringes upon their right to travel. These arguments, however, are unsupported by citation to any legal authority. Accordingly, we need not address them.
 
 (Berger
 
 v.
 
 Godden
 
 (1985) 163 Cal.App.3d 1113, 1119 [210 Cal.Rptr. 109].)
 

 We conclude that the DMV may properly require applicants for new and renewal drivers’ licenses to obtain and disclose their SSN’s to the DMV under sections 12800 and 1653.5, subdivision (f)(1), (2) and (3).
 

 4.
 
 Respondents Have No Standing to Challenge Section 1653.5, Subdivision (f)(1), (2) and (3).
 

 In response to our request, appellant and respondents addressed in letter briefs the issue of whether respondents have standing to challenge section 1653.5, subdivision (f)(1), (2), and (3).
 

 
 *1537
 
 According to Code of Civil Procedure section 1086,
 
 [2]
 
 the standing requirement for a party bringing a petition for writ of mandate is that the party be “beneficially interested.” That is, the party must have “some special interest to be served or some particular right to be preserved or protected over and above the interest held in common with the public at large. [Citations.] The petitioner’s interest in the outcome of the proceedings must be substantial, i.e., a writ will not issue to enforce a technical, abstract or moot right. [Citations.] The petitioner also must show his legal rights are injuriously affected by the action being challenged. [Citation.]”
 
 (Braude
 
 v.
 
 City of Los Angeles
 
 (1990) 226 Cal.App.3d 83, 87 [276 Cal.Rptr. 256].)
 

 Here, respondents have not shown how they would be affected by section 1653.5 which allows the DMV to disclose SSN’s in “(f)(1) Responding to a request for information from an agency operating pursuant to, and carrying out the provisions of, Part A (Aid to Families with Dependent Children), or Part D (Child Support and Establishment of Paternity), of Subchapter IV of Chapter 7 of Title 42 of the United States Code. [¶ (2) Implementation of Section 12419.10 of the Government Code [offset of fines, bails and parking penalties from tax refunds and lottery winnings]. [¶ (3) Responding to information requests from the Franchise Tax Board for the purpose of tax administration.”
 

 In
 
 Willadsen
 
 v.
 
 Justice Court
 
 (1983) 139 Cal.App.3d 171 [188 Cal.Rptr. 488], plaintiff brought a petition for writ of prohibition, challenging a Fish and Game Department regulation on two grounds. He urged that the Fish and Game Department exceeded its authority by designating all rivers, streams and lakes as subject to the statute in question and that the arbitration provision of the statute was constitutionally infirm. The court addressed the first issue, but found that plaintiff lacked standing to attack the arbitration provision, because he had not shown that the provision applied to him. The court stated: “ ‘The rule is well established . . . that one will not be heard to attack a statute on grounds that are not shown to be applicable to himself and that a court will not consider every conceivable situation which might arise under the language of the statute and will not consider the question of constitutionality with reference to hypothetical situations.’ [Citations.]”
 
 (Id.,
 
 at p. 178.)
 

 We conclude that because respondents have not shown how the portions of section 1653.5 requiring dissemination of the SSN information apply to them, they are not beneficially interested parties.
 

 There is a recognized exception to the required showing of beneficial interest: “ ‘ “[W]here the question is one of public right and the object of
 
 *1538
 
 the mandamus is to procure the enforcement of a public duty, the relator need not show that he has any legal or special interest in the result, since it is sufficient that he is interested as a citizen in having the laws executed and the duty in question enforced.” ’ [Citation.]”
 
 (Green
 
 v.
 
 Obledo
 
 (1981) 29 Cal.3d 126, 144 [172 Cal.Rptr. 206, 624 P.2d 256].) For example, the right to proper calculation of Aid to Families with Dependent Children benefits is a public right.
 
 (Id.,
 
 at p. 145.) Similarly, performance by the county agency of its statutorily required duty to advise welfare applicants is a matter of public right.
 
 (Diaz
 
 v.
 
 Quitoriano
 
 (1969) 268 Cal.App.2d 807, 811 [74 Cal.Rptr. 358].)
 

 Here, in their letter brief, respondents contend in conclusory terms, without supporting argument, that the writ is “predicated upon questions of public right and the object of the administrative writ is to secure enforcement of a public duty.” Respondents do refer to Civil Code section 1798.14 which states: “Each agency shall maintain in its records only personal information which is relevant and necessary to accomplish a purpose of the agency required or authorized by the California Constitution or statute or mandated by the federal government.” Respondents argue that since section 1653.5 limits the dissemination of the SSN’s to agencies enforcing Aid to Families with Dependent Children, child support, fines, parking, and tax delinquencies, the only purpose for the collection of the SSN is for the dissemination of the information to other agencies. That is, respondents urge, the collection does not accomplish a purpose of the DMV.
 

 Even if we were to construe respondents’ reference to the two statutes as an argument establishing a public right/public duty, “competing considerations of a more urgent nature” nullifies the public right/public duty exception.
 
 (Green
 
 v.
 
 Obledo, supra,
 
 29 Cal.3d at p. 145.) One illustration of a competing consideration nullifying the exception is that the policy which militates against allowing an administrative board member to sue her own agency outweighs the public right of the board member as a taxpayer to challenge the legality of the expenditure of public funds by a government agency.
 
 (Carsten
 
 v.
 
 Psychology Examining Com.
 
 (1980) 27 Cal.3d 793, 798, 799 [166 Cal.Rptr. 844, 614 P.2d 276].)
 

 Here, competing considerations are embodied in Assembly Bill No. 1297, the Trial Court Realignment and Efficiency Act, which was enacted in 1991. (Stats. 1991, ch. 90.) The intent of the Legislature was to reform and streamline the collection and allocation of penalties to achieve the end goal of substantial state funding of trial courts. (Stats. 1991, ch. 90, § 2.) Pursuant to section 3 of the bill, which added section 12419.10 to the Government Code, the Controller is required to offset amounts overdue and unpaid to counties for fines, penalties, assessments, bail and vehicle parking penalties
 
 *1539
 
 against amounts owing from tax refunds and from winnings in the California State Lottery. According to section 12808.1, amended by Assembly Bill No. 1297, an applicant shall be refused a license if he or she has not paid the parking penalty and administrative fees due. Senate Bill No. 395, enacted in 1991 (Stats. 1991, ch. 772), added section 1653.5 to the Vehicle Code which requires applicants to furnish an SSN to the DMV. As reported to the Senate Transportation Committee, the sponsors of the bill were seeking “more effective ways to locate the whereabouts of ‘errant parents’ for purposes of carrying out child support programs and directives.”
 
 [3]
 
 We conclude that these competing considerations nullify the public right/public duty exception if one were expressed by respondents.
 

 Respondents also cite
 
 Tobe
 
 v.
 
 City of Santa Ana
 
 (1995) 9 Cal.4th 1069, 1086 [40 Cal.Rptr.2d 402, 892 P.2d 1145] for the proposition that they have standing under Code of Civil Procedure section 526a to restrain illegal expenditure or waste of city funds on future enforcement of an unconstitutional ordinance or an impermissible means of enforcement of a facially valid ordinance. Respondents, however, have failed to show that the code section at issue is unconstitutional.
 

 “The courts of this state are not empowered to render advisory opinions to satisfy the curiosity of parties motivated by reasons ulterior to resolution of an actual dispute. [Citations.]”
 
 (Fiske
 
 v.
 
 Gillespie
 
 (1988) 200 Cal.App.3d 1243, 1245 [246 Cal.Rptr. 552].) Respondents’ arguments, which are intertwined with contentions regarding the provision allowing disclosure of the SSN’s in particular circumstances, are therefore barred. For example, respondents urge that 42 United States Code section 405(c)(2)(C)(i) does not apply because the purpose of the collection of the SSN’s is not to identify the applicant, but to disseminate information to other agencies. However, as stated, we conclude that respondents have no standing to challenge section 1653.5, subdivision (f)(1), (2), and (3); they have not shown they are beneficially interested parties or that a public right/public duty exists. Even had they shown a public right/public duty, competing considerations would nullify the public right/public duty exception.
 

 Disposition
 

 The matter is reversed. Each party to bear its own costs of appeal.
 

 Boren, P. J., and Zebrowski, J., concurred.
 

 [1]
 

 All further statutory references are to the Vehicle Code unless otherwise noted.
 

 [2]
 

 Code of Civil Procedure section 1086 provides: “The writ must be issued in all cases where there is not a plain, speedy, and adequate remedy, in the ordinary course of law. It must be issued upon the verified petition of the party beneficially interested.”
 

 [3]
 

 We take judicial notice of the legislative history of Assembly Bill No. 1297, Senate Bill No. 395, and appendices A and B, the legislative intent to section 1653.5, pursuant to Evidence Code section 459, subdivision (a)(2).