**Carl J. KAUFMANN, Petitioner,**

v.

**DEPARTMENT OF PUBLIC WELFARE, Respondent.**

Commonwealth Court of Pennsylvania.

Submitted Feb. 16, 2001.
Decided June 14, 2001.

Carl J. Kaufmann, petitioner, pro se.

Cynthia A. Fillman, Harrisburg, for respondent.

Before PELLEGRINI, LEADBETTER, Judges, and MIRARCHI, Senior Judge.

MIRARCHI, Senior Judge.

Carl J. Kaufmann (Kaufmann) appeals *pro se* from a final order of the Department of Public Welfare, Bureau of Hearings and Appeals (Bureau) that affirmed the hearing officer's decision denying his appeal from discontinuance of his food stamp benefits by the Juniata County Assistance Office for his refusal to disclose his social security number during the commercial driver's license test scheduled as part of the mandatory employment and training program. We affirm.

After a hearing, the hearing officer made the following factual findings. Kauf-

mann was a recipient of food stamp benefits and was required to participate in the employment and training program under 7 CFR § 273.7(f) and 55 Pa.Code § 501.6(a).[1] On December 14, 1999, Kaufmann attended a seminar to discuss employment and training programs available to him with the personnel from Southcentral Employment Corporation (Southcentral), a contractor providing employment training services in Juniata County. After the seminar, Kaufmann agreed to obtain a commercial driver's license to become a truck driver through the employment and training program. Kaufmann then obtained a commercial learner's permit and enrolled in the AAA School of Trucking on February 20, 2000. The County Assistance Office paid the fees for the learner's permit and the enrollment in the driving school.

When Kaufmann subsequently appeared to take the scheduled commercial driver's license test on March 10, 2000, he was asked to provide his social security number, as required by Section 1609(a)(4) of the Vehicle Code, *as amended,* 75 Pa.C.S. § 1609(a)(4), which provides that "[t]he application for a commercial driver's license or commercial driver learner's permit shall include ... [t]he applicant's social security number."[2] Kaufmann refused to provide his social security number. As a result, he was not permitted to take the test.

On March 10, 2000, Southcentral notified Kaufmann that his enrollment in the employment and training program would be terminated on March 17, 2000, unless he contacted Southcentral immediately. Southcentral also advised Kaufmann that upon termination of his enrollment in the program, the County Assistance Office could take a further action which may affect his welfare benefits and that he should contact the County Assistance Office immediately. Kaufmann did not respond to the March 10, 2000 notice.

Thereafter on March 17, 2000, the County Assistance Office sent Kaufmann "Advance Notice," informing him that his food stamp benefits would be discontinued for his failure to follow through with the driver's test and that upon his compliance with the employment and training program, his food stamp benefits could be reinstated after the one-month disqualification period. On March 23, 2000, Southcentral informed Kaufmann that his enrollment in the program was terminated on March 22, 2000. Kaufmann was again advised that he may contact Southcentral or the County Assistance Office to discuss the matter.

■ Kaufmann then filed a timely appeal with the Bureau, contending, *inter alia,* that the discontinuance of his food stamp benefits based on his refusal to disclose his social security number violates Section 7 of the Privacy Act of 1974 (Privacy Act), Pub.L. No. 93–579, an uncodified federal statute which is found in the historical and statutory notes to 5 U.S.C. § 552(a).[3] The hearing officer rejected

1. An individual, who is (1) younger than sixteen years of age, (2) sixty years of age or older or (3) physically or mentally unfit for employment, is exempt from the mandatory participation in the employment and training program. 7 CFR § 273.7(b)(i) and (ii) and 55 Pa.Code § 501.6(b). Kaufmann was not qualified for the exemption.

2. Under Section 1609(d) of the Vehicle Code, "the department shall not require a social security number on the application for a commercial driver's license of a person who submits a waiver obtained from the Federal Highway Administration of the United States Department of Transportation permitting him not to have a Social Security number." Kaufmann does not claim a waiver under Section 1609(d).

3. Kaufmann also contended that Southcentral and the County Assistance Office failed to provide conciliation as required by 7 CFR § 273.7(g)(1). The hearing officer found that

Kaufmann's contention and denied his appeal. The Bureau subsequently affirmed the hearing officer's decision. Kaufmann's appeal to this Court followed.[4]

Under the Food Stamp Act, 7 U.S.C. §§ 2011–2036, and the regulations promulgated thereunder, the federal food stamp program is administered in Pennsylvania by the Department of Public Welfare. Pursuant to Section 2011(d)(1)(A) of the Food Stamp Act, 7 U.S.C. § 2011(d)(1)(A), and 7 CFR § 273.7, one who refuses to participate in the mandatory employment and training program without good cause is ineligible to receive food stamp benefits.

On appeal, Kaufmann reiterates his contention that the discontinuance of his food stamp benefits for his refusal to disclose his social security number during the commercial driver's license test violates Section 7(a)(1) of the Privacy Act, which provides that "[i]t shall be unlawful for any Federal, State or local government agency to deny to any individual any right, benefit, or privilege provided by law because of such individual's refusal to disclose his social security number."

■ The purpose of the Privacy Act is to safeguard the individuals' privacy right by (1) delineating the duties and responsibilities of the federal, state and local agencies that collect, store and disseminate the personal information and (2) curtailing the use of social security numbers by the agencies. *Tribune–Review Publishing Co. v. Allegheny County Housing Authority*, 662 A.2d 677 (Pa.Cmwlth.1995), *appeal denied*, 546 Pa. 688, 686 A.2d 1315 (1996); *Ely v. Department of Justice*, 610 F.Supp.

942 (N.D.Ill.1985), *aff'd*, 792 F.2d 142 (7th Cir.1986), *cert. denied sub nom. Ely v. More Than 20 FBI Agents*, 479 U.S. 1009, 107 S.Ct. 651, 93 L.Ed.2d 706 (1986). Social security numbers are, however, useful in the efficient and economic administration of various federal programs. *Green v. Philbrook*, 576 F.2d 440 (2nd Cir.1978). Section 7(a)(2)(A) of the Privacy Act accordingly provides that Section 7(a)(1) prohibiting denial of any right, benefit or privilege of individuals based on their refusal to disclose social security number "shall not apply with respect to ... any disclosure which is required by Federal statute."

■ Regarding the use of social security numbers by the state agencies, 42 U.S.C. § 405(c)(2)(C)(i) provides:

It is the policy of the United States that any State (or political subdivision thereof) may, *in the administration of any tax, general public assistance, driver's license or motor vehicle registration law within its jurisdiction*, utilize the social security account numbers issued by the Commissioner of Social Security for the purpose of establishing the identification of individuals affected by such law, and may require any individual who is or appears to be so affected to furnish to such State (or political subdivision thereof) or any agency thereof having administrative responsibility for the law involved, the social security account number (or numbers, if he has more than one such number) issued to him by the Commissioner of Social Security. (Emphasis added.)

---

although Southcentral and the County Assistance Office attempted to provide conciliation to Kaufmann, he did not respond to such attempts. Kaufmann did not raise the conciliation issue in his appeal to this Court.

4. This Court's scope of review of the Bureau's adjudication is limited to determining whether the adjudication is in accordance with the law, does not violate constitutional rights, and is supported by substantial evidence in the record. *Keenhold v. Department of Public Welfare* 744 A.2d 377 (Pa.Cmwlth.2000).

In addition, 49 CFR § 383.153(d)(1) and (2) provides:

> (d) Except in the case of a Non-resident CDL [commercial driver's license]:
>
> (1) A driver applicant must provide his/ her Social Security Number on the application of a CDL; and
>
> (2) The State must provide the Social Security Number to the CDLIS [Commercial Driver's License Information System].

Pursuant to the authority and requirements provided in the applicable federal statute and regulations, Section 1609(a)(4) of the Vehicle Code requires the applicant for a commercial driver's license to disclose his or her social security number on the application.[5] Therefore, the County Assistance Office did not violate the Privacy Act in discontinuing Kaufmann's food stamp benefits for his refusal to disclose his social security number to take the driver's test and his resulting failure to complete the mandatory employment and training program. *See also Green* (the recipients of the Aid to Families with Dependent Children benefits must provide social security numbers of their children under Section 7(a)(2)(A) of the Privacy Act); 7 CFR § 273.6(f) ("[t]he State Agency is authorized to use SSNs in the administration of the Food Stamp Program").

Kaufmann further contends that in requiring disclosure of his social security number, the Department of Transportation failed to comply with Section 7(b) of the Privacy Act, which provides:

> Any Federal, State or local government agency which requests an individual to disclose his social security account number shall inform that individual whether that disclosure is mandatory or voluntary, by what statutory or other authority such number is solicited, and what uses will be made of it.

■ In Pennsylvania, all individuals taking a driver's test receive the Pennsylvania Driver's Manual containing the following:

**Social Security Number Information**

The Department is required by law to obtain your social security number, height and eye color under the provisions of Section 1510(a) and/or 1609(a)(4) of the Pennsylvania Vehicle Code. The information will be used as identifying information in an attempt to minimize driver license fraud. Your social security number is not part of your public driver's record. Federal law permits the use of the social security number by state licensing officials for purposes of identification. Your social security number will not be printed on your learner's permit or driver's license.

The Pennsylvania Driver's Manual received by Kaufmann thus provided him all the information required by Section 7(b) of the Privacy Act. Kaufmann's contention is, therefore, without merit.

Accordingly, the order of the Bureau is affirmed.

### ORDER

AND NOW, this 14th day of June, 2001, the order of the Department of Public Welfare, Bureau of Hearings and Appeals in the above-captioned matter is affirmed.

---

**5.** In requiring disclosure of the social security number on the application, the Vehicle Code in Section 1510(a), *as amended*, 75 Pa.C.S. § 1510(a), also protects the privacy of the applicant by prohibiting its inclusion on the license itself. *Hershey v. Department of Transportation, Bureau of Driver Licensing,* 669 A.2d 517 (Pa.Cmwlth.1996), *appeal denied,* 544 Pa. 664, 676 A.2d 1202 (1996).